**Eva ADZICK et al., Plaintiffs-Respondents,**

**v.**

**Pete CHULICK and Mary Ann Chulick, his wife, Defendants-Appellants.**

**No. 35200.**

Missouri Court of Appeals,
St. Louis District,
Division One.

July 9, 1974.

Eva Adzick and John Adzick, Alex Chulick and Marian Chulick, and William P. Chulick and Pattie V. Chulick constitute three sets of plaintiffs in this action. Each set of plaintiffs owned an undivided one-quarter interest in certain real property at 1722 South Jefferson Avenue in St. Louis with the defendants, Pete Chulick and Mary Ann Chulick, owning the other undivided one-quarter interest in the property. Each of these three sets of plaintiffs executed separate agreements with the defendants by which they transferred their respective interests in this property to the defendants. These agreements recited the location of the property; the fact that the Missouri State Highway needed to purchase the property because it was in the path of a proposed highway; and, the defendants desired to acquire the entire interest in this property prior to the time it was condemned or purchased so that they could obtain financing from the Small Business Administration in order to construct a funeral home. The agreement further recited a purchase offer by the Highway Department for $44,000 for the subject. property together with another parcel. It was agreed that the offer for the subject property was $30,000, or $7,500 for each undivided one-fourth interest. The defendants agreed to continue negotiating with the Highway Department and that one-fourth of any excess over $30,000 received from the sale would be paid to each set of plaintiffs. It was also agreed that in the event the property would be finally sold to the Missouri State Highway Department for less than $30,000, each pair of plaintiffs would pay back to defendants one-fourth of the difference between the final sale price and the valuation figure of $30,000.

The defendants received $45,500 for the property. The plaintiffs brought this action and the amount sought in their second amended petition was $11,625 (being three-quarters of the $15,500 excess over the $30,000 figure set) plus interest.

The defendants' answer asserted that the three agreements were not identical as

Sestric, Sestric, Sweet & McGhee, Robert W. Miller, St. Louis, for defendants-appellants.

Slonim & Ross, Clayton, for plaintiffs-respondents.

DOWD, Chief Judge.

A contract action. The plaintiffs filed their petition asserting that the defendants owed them a share of the money which the defendants had obtained from the sale in condemnation of certain property. The defendants appeal from the granting of plaintiffs' motion for summary judgment.

stated in plaintiffs' petition; that since one of the plaintiffs prepared the agreements and had superior legal knowledge, the defendants were prejudiced; that defendants were entitled to a set-off for certain expenses incurred; that the plaintiffs had given defendants permission to use the money received as defendants wished; and, that plaintiffs interfered with and prevented defendants from fulfilling the terms of the written agreements. The defendants, in their answer, admitted that the condemnation proceeding terminated with a $45,500 settlement agreement.

Plaintiffs filed a motion for summary judgment. At this time the court had before it eight exhibits filed by the plaintiffs. The three agreements they entered into with the defendants were filed with their second amended petition. The stipulation for settlement between the Highway Commission and the defendants was filed with plaintiffs' motion for summary judgment as well as three affidavits of the plaintiffs in support of their motion. An additional affidavit was then filed with copies of the three deeds from the plaintiffs.

Defendants filed an affidavit in opposition to summary judgment in which they asserted that: (1) William Chulick, an attorney and plaintiff in this action, had prepared the documents; (2) certain representations by William Chulick were inconsistent with the documents; (3) the plaintiffs made statements after the signing of the agreements to the effect that defendants could use the money and the agreements would have no effect; (4) no demand was made by plaintiffs; (5) the defendants and plaintiffs did not contemplate that litigation would be necessary; and (6) William Chulick interfered with defendants' negotiations with the Highway Commission.

The court granted plaintiffs' motion for summary judgment awarding each set of plaintiffs $3875 and $190.52 interest and costs. Defendants appeal.

■ Summary judgment shall be rendered if the pleadings, depositions, and admissions on file together with the affidavits show that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law. Rule 74.-04(c), V.A.M.R. Summary judgment is proper where the issue to be resolved is the construction of a contract which is unequivocal on its face. Weber v. Les Petite Academies, Inc., 490 S.W.2d 278 (Mo. App.1973).

■ Defendants' first contention is that the use of the words "on or about" and "on or before" in the agreements raises a genuine issue of material fact in that they are ambiguous terms. Obviously, the trial court found the agreements clear and unequivocal in their meaning. After examining the agreements we are also of the opinion that the agreements are not ambiguous. To say that an instrument is ambiguous does not make it so. Ludwigs v. City of Kansas City, 487 S.W.2d 519, 522 (Mo. 1972). The construction of a clear and non-ambiguous contract is generally a matter for the trial court's determination, Thurman v. K. L. Koenig Realty Co., 423 S.W.2d 196 (Mo.App.1967), and as such, defendants' assertion does not raise an issue for trial. Furthermore, we are also of the opinion that any issue raised concerning the precise meaning of these terms is not material to the issue of whether defendants are liable on the agreements.

■ The second point raised by defendants also goes to the construction of the agreements. The defendants claim the agreements did not contemplate litigation and therefore the agreements either fail because of the occurrence of this unforeseen event or the defendants are entitled to a setoff against any alleged claim of the plaintiffs. On the contrary, the agreements clearly anticipated the possibility of litigation and negotiations with the Highway Department. The agreements recite in the preambles that the defendants

wished to acquire plaintiffs' interests in the property "prior to the time that the Missouri State Highway Department acquires said parcel by purchase or condemnation." This implies that negotiations might be necessary and defendants' contention, therefore, raises no "genuine issue" for trial. This for the reason that the trial court was not required to do more than make an examination of the words used in the contract to determine that the agreements anticipated the possibility of litigation and negotiation with the Highway Department. National Merchandising Corp. v. McAlpin, 440 S.W.2d 489 (Mo.App. 1969).

■ The defendants also contend in their affidavit that the plaintiffs did not demand the money allegedly owed them. The defendants claim this was a material fact at issue and summary judgment was therefore erroneously granted. We disagree. Rule 55.31 provides that the objection that there was no demand made is not available unless it was accompanied with a tender of the amount or thing that is due. Here, the defendants did not allege any tender of the $15,500 excess.

■■ Defendants also assert that there was a factual dispute between the parties as to whether the three sale agreements were identical. Defendants allege that the agreements were dissimilar, but do not state in what way they differ. Rule 74.-04(e) requires that defendants set forth specific facts showing a genuine issue for trial. Defendants' bare allegation that the agreements are not identical does not set forth specific facts. Defendants' statement is a mere conclusion and thus fails to comply with Rule 74.04(e). Furthermore, even though defendants have failed to set forth specific factual differences as required by Rule 74.04(e), we have also examined the three documents and we are satisfied that they are literally identical except for the names of the parties and their signatures. Moreover, since defendants did not raise the issue of whether the instruments were

identical in their affidavit in opposition to the motion for summary judgment, the statement in plaintiffs' affidavit that the instruments are identical must be taken as true. Facts verified in plaintiffs' motion for summary judgment must be taken as true where defendant stands on unverified and conclusory denials. First National Bank of Liberty v. Latimer, 486 S.W.2d 262 (Mo.1972).

■ The defendants in their affidavit in opposition to summary judgment assert that the plaintiffs represented they would relinquish all claims to future sums recovered. Thus the defendants argue that the plaintiffs abandoned the agreement. Surrender of a valuable right under a contract is ineffectual unless supported by a valuable consideration. Thumm v. Lohr, 306 S.W.2d 604 (Mo.App.1957); Transportation Equipment Rentals, Inc., v. Strandberg, 392 S.W.2d 319 (Mo.1965). The defendants did not allege any valuable consideration the plaintiffs received in giving up their right to one-fourth of the $15,500 excess. Since defendants' allegations of abandonment are insufficient as a matter of law and would not provide defendants with a valid defense, trial court was correct in ruling that this allegation does not raise a "genuine issue" within the meaning of Rule 74.04.

■ Defendants also claim that both their answer and their affidavit raise the affirmative defense of tortious interference by plaintiff William Chulick with the negotiations between defendants and the Highway Commission. Here defendants' allegation is no more than a conclusion and fails to state specific facts as required by Rule 74.04(e). Thus, the trial court was correct in holding that defendants' allegation as asserted regarding tortious interference did not raise a genuine issue for trial.

■ Defendants' final contention is that their claim for a set-off for expenses incurred in the condemnation action raises a factual issue. We have again examined the agreements and find nothing providing

any basis for defendants' claim. As mentioned earlier, the agreements specifically anticipated that the land might be purchased or condemned for a highway. There is no set-off provision in these agreements. The agreements purport to be the complete statement of the rights and obligations of the parties. Defendants' claim for a set-off which is contrary to the comprehensive agreements of the parties raises no genuine issue for trial. Defendants rely on McMullin v. Klein, 468 S. W.2d 657 (Mo.App.1971). We have examined this case and find it does not aid defendants.

Summary judgment was properly granted. The judgment is affirmed.

SIMEONE and WEIER, JJ., concur.