R. F. ALLEN and Lucy Allen,
Appellants,

v.

CITY OF FREDERICKTOWN, a
municipal corporation of the
fourth class, Respondent.

No. 40651.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 30, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 14, 1979.

Albert C. Lowes and David G. Beeson, Buerkle, Lowes & Beeson, Jackson, for appellants.

Kenneth W. Shrum, Pros. Atty., and Gary A. Kamp, Marble Hill, for respondent.

GUNN, Presiding Judge.

Appellants brought suit against respondent City of Fredericktown to recover the cost of the installation of water and sewer lines within a subdivision development. Appellants grounded their action on a municipal ordinance providing for reimbursement by the City, under certain conditions, of the cost of construction of water and sewer lines placed in subdivisions by developers. The City defended the action for a variety of reasons, among which were: that there had been a repeal of the reimbursement ordinance; that no written contract existed upon which to base their liability; and that the five year statute of limitations of § 516.120(2), RSMo 1978, barred appellants' claim. In inditing detailed findings of fact and conclusions of law, the trial court ruled in the City's favor. We affirm on the ground that there was no written contract.

Appellants are developers in Fredericktown. In the course of developing certain

additions and subdivisions they incurred costs in the installation of water and sewer lines. Recoupment of such costs was sought and obtained from the City until May 27, 1968 under Fredericktown's municipal Ordinance No. 202 which provided for the reimbursement by the City to developers for sewer and water line installation costs. Both parties agree that there is no controversy regarding expenses incurred prior to May 27, 1968.[1] Ordinance No. 68–10, enacted May 27, 1968 has spawned the litigation now before us. Ordinance No. 68–10 required a subdivider seeking to develop land within the City to submit and obtain approval of development plans by the Board of Aldermen. Following approval of the preliminary plans the subdivider was required, among other things, to furnish a bond or provide for an assessment to guarantee the cost of such improvements, including water and sewer lines. Some of the provisions of Ordinance No. 68–10 were as follows:

No final or official plat of any subdivision shall be approved unless: (a) the subdivider agrees with the Board of Aldermen upon an assessment whereby the city is put in an assured position to install the improvements listed below at the cost of the owners of property within the subdivision, or (b) the improvements listed below have been installed prior to such approval, or (c) the subdivider filed with the Board of Aldermen a surety bond, cashier's check, or a certified check upon a solvent bank located in the City of Fredericktown conditioned to secure the construction of the improvements listed below in a satisfactory manner and within a period specified by the Board of Aldermen, such period not to exceed two years. No such bond or check shall be accepted unless it be enforceable by or payable to the city in a sum at least equal to the cost of constructing the improvements as estimated by the City Engineer and in form with surety and conditions approved by the City Attorney.

Appellants were reimbursed by the City under Ordinance No. 202[2] for subdivision water and sewer line improvement costs incurred prior to the adoption of Ordinance No. 68–10. Subsequent to the passage of this latter ordinance, there has been no reimbursement to appellants of the $16,568.36 expended by them for water and sewer line improvements in subdivision development. It is this sum which forms the seedbed of controversy between the parties and for which appellants seek recovery.

The trial court in its well written findings of fact, conclusions of law and judgment found, among other reasons, that appellants' claim for recovery was deficient as they had failed to obtain the requisite Ordinance No. 68–10 final approval of their development plans or by failure to fulfill conditions of preliminary plans which had been given conditional approval. The trial court found that appellants were not entitled to any recovery for any costs expended subsequent to May 27, 1968. Appellants recognize that there has been a failure of compliance in certain aspects with Ordinance Nos. 202 and 68–10 but have based their claim on an alleged contractual obligation by the City to reimburse them for their expenses. However, the trial court concluded, *inter alia*, that there was no written contract between the parties; that without a written contract appellants have no right of recovery under § 432.070, RSMo 1978, which specifically provides:

No . . . city . . . shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law . . . ; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

1. Fredericktown has acknowledged in open court that it owes appellants $117.85 for water and sewer line costs incurred prior to May 27, 1968. Both parties have stipulated that this item is not at issue in the case and may be disregarded by this court.

2. Ordinance No. 202 was expressly repealed on October 13, 1975.

■ Appellants postulate that the existence of Ordinance No. 202 providing for reimbursement of water and sewer line expenses, creates a unilateral or executory contract which needs only some action or performance by appellants to complete the contract with the ordinance serving as the written document. Appellants also rely on the fact that the mayor and city clerk did execute certain documents indicating their approval of the plans submitted, albeit the Board of Aldermen had not enacted the requisite legislation for approval. Conversations between the appellants and the City's water works manager in which there was no disavowal of the City's liability for payment under Ordinance No. 202 were used by the appellants to further their position. As precedent for their theorem and as an example of their assiduous research, appellants cite *Aurora Water Co. v. City of Aurora*, 129 Mo. 540, 31 S.W. 946 (1895). In that case it was held that a properly adopted ordinance may serve as a written contract binding a municipality when accepted in writing by a second party. But we must reject appellants' argument. First, it is a fundamental precept that a municipality must reduce its contract to writing under the mandate of § 432.070, RSMo 1978. *City-Wide Asphalt Co. v. City of Independence*, 546 S.W.2d 493 (Mo.App.1976). Other than Ordinance No. 202, there is no writing extant to meet the directive of § 432.070. Nor can we find that Ordinance No. 202 suffices as the requisite written instrument. The situation in this case is unlike that in *Aurora Water Co. v. City of Aurora*, supra, where the ordinance—a contract in itself—contained complete contract provisions, including cost of items and detailed specifications. Ordinance No. 202 cannot serve as any kind of paradigm for a contract. It is, at most, the authority which could lead to the preparation of a written contract for the construction and reimbursement provisions for sewer and water lines in a subdivision. The ordinance cannot under any circumstances be considered to constitute the writing demanded by § 432.070. *Burger v. City of Springfield*, 323 S.W.2d 777 (Mo. 1959), cited by appellants, also fails to supply sufficient succor for their position that Ordinance No. 202 provides the writing necessary to comply with the mandate of § 432.070, for in *Burger* there were other written instruments of sufficient specificity to compliment the ordinance and form a written contract. Such is not the case here. *See also: State ex rel. Hwy. Com'n v. City of Washington*, 533 S.W.2d 555 (Mo.1976). Other cases relied on by appellants are similar to *Burger* and *Aurora* and thus not congruent with the situation in this case.

■ Appellants assert that the City has reaped the benefit of $16,568.36 in water and sewer line improvements installed by them post-Ordinance No. 68–10; that the City is thereby estopped from denying the existence of a contract, particularly as payments had been made pre-Ordinance No. 68–10. We first note that the benefits derived from appellants sewer and water line construction efforts were to the subdivisions owned and developed by appellants. But further, *Mo. Intern. Inv., Inc. v. City of Pacific*, 545 S.W.2d 684 (Mo.App.1976), provides a remarkably poignant rejection to appellants' estoppel and undeserved benefits argument through the following statement:

Plaintiff attempts to parry this rule [the rule of § 432.070] with the theory that the city should be estopped from denying the existence of the contract because it accepted the benefits of the contract and made a partial payment thereon. The city did pay plaintiff $1,750.00 after receiving a bill from plaintiff for that amount. The city may have also received some additional benefits as a result of plaintiff's efforts which were the subject of this law suit. But '[t]he contract, absent the prescribed writing, is *void*. The fact a municipality has received the benefit of a performance by the other party does not make the municipality liable either on the theory of a ratification, estoppel or implied contract'. (original emphasis) *Id.* at 685.

*Accord: State ex rel. Walmar Investment Co. v. Mueller*, 512 S.W.2d 180 (Mo.App. 1974).

Appellants continue to argue that they had fully performed all conditions of the contract by asserting Ordinance Nos. 202 and 68–10 as the basic written contract and their acceptance and performance of the conditions contained in the ordinances. Thus, appellants adjure, their performance of the conditions of the written ordinance caused a contract to develop and ripen giving them a proper cause of action. However, appellants are unable to overcome the fact that they have not complied with many of the provisions of Ordinance Nos. 202 and 68–10, the most stark of which is the failure to obtain approval of the final plats by ordinance as mandated by the ordinances and § 445.030, RSMo 1978.

Appellants dwell on the fact that the mayor and city clerk approved certain of the plats. But the cachet of those two officials to the plats is not enough to fulfill the directives of § 445.030 that subdivision plats be approved by ordinance. Certainly, more than the mayor's and city clerk's imprimaturs or conversations with a municipal employee unauthorized to speak for the City is necessary to raise any writing to the status of an effective written contract within the meaning of § 432.070 or to qualify as a binding authorization or approval of contract conditions by the City. There must be direct authorization by the Board of Aldermen. *State ex rel. State Hwy. Com'n v. City of Sullivan*, 520 S.W.2d 186 (Mo.App.1975); *State ex rel. Walmar Investment Co. v. Mueller*, supra.

Having reached the conclusion that appellants are not entitled to recover for the foregoing reasons, we need not address other findings and conclusions of the trial court serving as a basis for the denial of appellant's claim.

Judgment affirmed.

STEPHAN and PUDLOWSKI, JJ., concur.