Charles PHILLIPS, et ux.,
Plaintiffs-Appellants,

v.

ATLANTIC RICHFIELD COMPANY, INC., Defendant-Respondent.

No. KCD 30571.

Missouri Court of Appeals,
Western District.

Dec. 3, 1979.

Motion for Rehearing and/or Transfer
Denied Dec. 31, 1979.

Walter J. O'Tolle, Jr., James M. Thompson, Kansas City, for plaintiffs-appellants.

Lee E. Wells, Phillip S. Smith, Kansas City, for defendant-respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Charles Phillips and his wife, Loreda, filed suit against Atlantic Richfield for injuries received by Charles when a hoist in the service station he leased from Atlantic Richfield fell on him. The court entered summary judgment in favor of Atlantic Richfield and Phillips appeals.

Phillips contends the court erred in granting summary judgment because there was a genuine issue of fact as to the validity of the exoneration clause in the lease when there was a large disparity in the bargaining power between Phillips and Atlantic Richfield. Affirmed.

Phillips filed his suit for personal injuries in which his wife joined with a count for loss of consortium. Atlantic Richfield, in its answer, alleged an exoneration clause in the lease between it and Phillips. Thereafter the parties filed an agreed statement of facts with the court. The parties agreed that Phillips had operated a service station in Kansas City for about eleven years prior to the accident in September, 1972. He operated the station under a lease with Sinclair Oil Company, but Sinclair later merged with Atlantic Richfield. In February, 1971, Phillips and Atlantic Richfield entered into a lease agreement which contained Paragraph 11 as follows:

> Lessee, for himself, his heirs, executors, administrators, successors and assigns, hereby releases, relinquishes and dis-

charges, and agrees to indemnify, protect and save harmless Lessor, its successors and assigns of and from any and all claims, demands and liability for any injury to, including death of, persons (whether they be third persons, Lessee, or employees of either of the parties hereto) and any loss of or damage to property (whether the same be that of either of the parties hereto or of third persons) caused by, growing out of, or happening in connection with, Lessee's use and occupancy of the station or any equipment or appliances located or to be located thereon, or by reason of any like or different casualty. In like manner and to the extent set forth in the preceding sentence Lessee agrees to exonerate and save harmless Lessor even though the claim, loss or casualty is attributable to the negligence of Lessor.

The parties agreed a dealer agreement between them contained a provision similar to Paragraph 11. After the agreed statement of facts was filed, Atlantic Richfield filed a motion for summary judgment stating the parties had filed an agreed statement of facts and stipulated to the lease and dealer agreements and further alleged Atlantic Richfield was entitled to judgment as a matter of law because of the exoneration clause (Paragraph 11). Phillips did not file any affidavits in response to the motion even though the court granted about two weeks for Phillips to respond.

Phillips contends the court erred in entering summary judgment because the exoneration clause is void as against public policy, but even if there was nothing in the record to show a dispute as to any material fact, the court could take judicial knowledge of the great disparity in bargaining power existing between Atlantic Richfield and Phillips and thereby find a factual dispute.

■ There is no doubt "[s]ummary judgment is proper where the issue to be resolved is the construction of a contract which is unequivocal on its face." *Adzick v. Chulick*, 512 S.W.2d 194, 197[1, 2] (Mo.App. 1974). The lease agreement which contained Paragraph 11, referred to as the exoneration clause, was before the court. There was no factual dispute as to the identification of the contract and the language therein is unequivocal. Thus, summary judgment was proper to resolve the legal issue of the validity of Paragraph 11.

Exoneration clauses have been held not to be against public policy in this state. *Rock Springs Realty, Inc., v. Waid*, 392 S.W.2d 270, 272[1] (Mo.1965). Thus, on its face Paragraph 11 presented a valid defense of Phillips' claim.

Phillips, however, argues that exoneration clauses may be found to be invalid if they are unconscionable. As evidence of unconscionability, Phillips argues that there was a great disparity in bargaining power between Phillips and Atlantic Richfield which presented a genuine issue of fact required to be resolved by a trial, precluding the granting of summary judgment. While the issue of unconscionability as a defense against an exoneration clause has not been squarely before the courts of Missouri, it is generally held that more than a disparity in bargaining power is required to void an exoneration clause on grounds of unconscionability. *Johnson v. Mobil Oil Corp.*, 415 F.Supp. 264 (E.Dist.Mich.1976). *Johnson* contains a good discussion of the unconscionability doctrine and discusses a number of cases which have considered the problem. Those cases examine a number of factors in addition to disparity in bargaining power to determine if the rule of unconscionability should be applied. Among these *Johnson* quotes from *Weaver v. American Oil Co.*, 257 Ind. 458, 276 N.E.2d 144 (1971) as the

> " 'real and voluntary meeting of the minds' of the contracting parties: age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, whether there were alternative sources of supply for the goods in question." 415 F.Supp. 268[2].

■ It is apparent Phillips was required to do more than show a disparity in bar-

gaining power before becoming entitled to invoke the unconscionability doctrine. This Phillips has failed to do. His petition made no mention of the exoneration clause, nor did his interrogatories adduce facts sufficient to show a defense of unconscionability as discussed herein. Some five months after the answers to interrogatories were filed the parties filed the agreed statement of facts. By this statement the parties agreed Phillips was injured when the hoist fell, that Phillips and his wife filed a suit for the injuries, that Atlantic Richfield filed its answer and raised the exoneration clause as a defense, and recited the clause from both the lease and dealer agreement in full and a full copy of both the lease and dealer agreement were attached to and made a part of the statement of facts.

On the same day the agreed statement of facts was filed Atlantic Richfield filed its motion for summary judgment. The motion recited the filing of the agreed statement of facts and asserted there was no genuine issue as to any material fact. Even though the court granted Phillips two weeks in which to respond to the motion, none was forthcoming. The court at the same time removed the case from the trial calendar on which it was set for trial. No further action was taken by anyone until the court sustained the motion about seven months later.

The agreed statement of facts made no reference to any facts remaining in dispute or facts constituting a defense. The filing of the motion in reliance upon the agreed statement was the equivalent of filing a motion based on admissions. When confronted with the motion, supported as it was by the agreed statement, Phillips could not sit idly by but was required to come forward with specific facts to demonstrate the existence of a material issue of fact. *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 28[9] (Mo.App.1978). Phillips cannot defeat summary judgment by simply arguing now that he has evidence for trial which will disclose issues of fact. *Edwards, supra*.

On the failure of Phillips to present to the trial court evidence that material facts were in dispute, the court was correct in entering summary judgment on the basis of the exoneration clause contained in the lease. The judgment is affirmed.

All concur.