**Martin J. BLOOM and Theodore P. Desloge, Jr. d/b/a Springwood Plaza Company, a partnership, Plaintiffs-Respondents,**

v.

**Edward L. CALCATERRA, Defendant-Appellant.**

**No. 41526.**

Missouri Court of Appeals, Eastern District, Division Three.

May 20, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 1980.

Application to Transfer Denied July 15, 1980.

---

plaintiffs as the result of defendant's personal guaranty of an obligation of R.C.R. Restaurant, Inc. Judgment was entered in the amount of $35,000 plus interest in the amount of $11,025 for a total amount of $46,025. On appeal, defendant claims that the trial court erred in granting summary judgment because there remained genuine issues of fact as to the existence of consideration, who was the real party in interest, and whether there was a breach of contract.

In their petition, plaintiffs allege they are partners doing business as Springwood Plaza, Co.; that on the 11th day of September, 1975, R.C.R Restaurant, Inc. duly executed its note for value received to pay plaintiffs the sum of $35,000.00, with the first payment due on January 1, 1976, and monthly thereafter; that the interest rate is 9 percent per annum; "that in the event of default, all remaining installments shall become due and payable upon demand; . . . [t]hat at the time of the execution of the note on the 11th day of September, 1975, the defendant, in consideration of the loan to the corporation, . . . guaranteed the repayment of the principal and interest of the loan by written instrument of guaranty; . . . [t]hat said note has not been paid; that . . . [they] have declared the note to be due and payable and have demanded payment thereof from defendant as guarantors." A copy of the note and guaranty were attached as exhibits to the petition and made a part thereof.

In his answer, defendant denied most of the allegations in plaintiffs' petition and by affirmative defense alleged lack and failure of consideration, that plaintiffs were not the real party in interest, and that plaintiffs had breached their contract.

We have recently reiterated the standards which govern our review of summary judgments in *Cooper v. Yellow Freight System, Inc.,* 589 S.W.2d 643 (Mo.App.1979):

> We must examine the record in the light most favorable to the party against whom the judgment was rendered and give to the party the benefit of every doubt. A summary judgment is appro-

LeRoy Crouther, Jr., Mark M. Anson, St. Louis, for defendant-appellant.

Kenneth J. Heinz, Gideon H. Schiller, St. Louis, for plaintiffs-respondents.

REINHARD, Judge.

Defendant appeals from a summary judgment entered by the trial court in favor of

priate only where the pleadings, depositions, admissions on file, together with any affidavits reveal that there is no genuine issue of material fact. A genuine issue of fact preventing summary judgment exists whenever there is the slightest doubt as to the facts. It is incumbent upon the party moving for summary judgment . . . to demonstrate by unassailable proof that there is no genuine issue of fact. [citations omitted].

*Id.* at 645.

Plaintiffs' motion for summary judgment relied upon the pleadings, depositions and admissions on file, together with an attached affidavit. Defendant's attorney executed an affidavit in opposition to the motion basically alleging that there remained genuine issues of fact as to all of defendant's affirmative defenses.[1]

The record generally indicates that in April of 1975, R.C.R. Restaurant, Inc. and Springwood Plaza entered into a ten-year lease for premises located in Springwood Plaza.[2] Typed at the bottom of page two of the printed form was a clause referring to special leasehold improvements to be provided by lessor and to be paid for by lessee at a cost of $35,000. There was nothing in the lease specifying what the special leasehold improvements were to be. It appears that these improvements resulted in the note and guaranty which are the subject matter of this litigation.

The note dated September 11, 1975, is for the principal sum of $35,000 with installments of $563.12 due on the first of January, 1976, or 30 days after the lessee "is open for business, whichever shall first occur," with a like amount due on each succeeding month thereafter until the entire balance has been paid with interest at the rate of 9 percent per annum. The note provides that all remaining installments shall become due and payable on demand if R.C.R. defaults on payments of any installment. The note is signed "R.C.R. Restaurant, Inc. by Edward L. Calcaterra, President."

A personal guaranty signed by Roy Russo, Nina Flora Russo, and Edward L. Calcaterra was also attached to the petition. The guaranty provides that: "In consideration of the . . . lease between SPRINGWOOD PLAZA CO., as Lessor, and R.C.R. RESTAURANT, INC., as Lessee, . . . and in consideration of the loan of THIRTY-Five THOUSAND ($35,000.00) Dollars by the Lessor to Lessee for leasehold improvements over and above the normal retail store tenant finished requirements, the undersigned . . . do herewith personally guarantee the repayment of the loan of Thirty-Five Thousand ($35,000.00) Dollars to Springwood Plaza Co . . . . ." The guaranty further provides: "[t]he nature of this guaranty is such that the liability of each of the undersigned is both joint and several, and the Lessor shall not be obligated to exhaust the Lessor's remedies against the Lessee but may assert its claim jointly, severally and concurrently against both the Lessee and the Guarantors herein." It also provides: "[t]he assignment of the Lease shall in no manner whatsoever constitute a release of the guaranty obligations herein assumed."

From the depositions of plaintiffs, Martin J. Bloom and Theodore P. Desloge, it appears that they operated Springwood Plaza Company as a two-man partnership. Desloge stated that it was the understanding of all parties from the inception of the entire transaction that a personal guaranty would be required "otherwise there would be no deal." Bloom stated that even though some of the work on the special improvements was performed before the note and the guaranty were actually signed, the work would have been stopped without the note and personal guaranties.

In defendant's deposition, he admitted the execution of the note and the guaranty and that no payments had been made on the obligation. Defendant stated that

---

1. Defendant's affidavit did not dispute the facts presented by plaintiffs. It essentially presented legal arguments in opposition to the plaintiffs' motion for summary judgment.

2. The lease bore the date of April 28, 1975. Desloge stated in his deposition that the lease was actually executed some two months later.

R.C.R. started with three stockholders, but one dropped out leaving Roy Russo (now deceased) and defendant. Defendant indicated that he went into the corporation as its financier since Russo had no money. He further stated that he gave his financial statement to Russo to give to those who would rely upon his financial responsibility. Defendant also testified that he agreed to provide his personal guaranty for some of the costs to be incurred in connection with establishing the restaurant, including the guaranty at issue in this case. He stated that when he signed the guaranty, he was "guaranteeing repayment of the loan of $35,000.00 . . . by R.C.R. to Springwood Plaza." This loan of $35,000 was "to provide leasehold improvements." He further stated that he satisfied himself that Springwood Plaza had in fact spent $35,000 to make the leasehold improvements. When asked if he knew any reason why he should not pay the $35,000 debt, defendant replied he thought the obligation should first be "considered by R.C.R."

A guaranty is a separate independent contract and requires consideration. However, a contract of guaranty when executed contemporaneously with the original contract is considered part of the original contract and hence may be supported by the same consideration. *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 27 (Mo.App.1978). An examination of the depositions of the plaintiffs and defendant reveals that there was consideration for the execution of the note.[3] In defendant's deposition, he concedes that the corporation executed the note in order to secure special leasehold improvements and he acknowledged that plaintiffs paid for and made those improvements. Defendant admits that he expected to sign a guaranty. He stated that he supplied his financial statement indirectly to the plaintiffs and that he signed the

guaranty on the same date and at the time that he as an officer executed the note for the corporation. We believe there is "unassailable proof", as required by Rule 74.04(h), that the guaranty was executed contemporaneously with the note and both were assented to in the original agreement. Therefore, no genuine issue of fact remains as to the issue of lack of consideration or failure of consideration. Also, we do not find anything in the record which would create a genuine issue of fact as to defendant's affirmative defenses of breach of contract and failure to join the real party in interest.

Defendant does not challenge the amount of the judgment. Accordingly, we conclude that the trial court correctly granted summary judgment in favor of the plaintiffs.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

---

**3.** Defendant contends that plaintiffs were obligated by the lease to make the leasehold improvements and that therefore such improvements could not be consideration for the note. Plaintiffs assert that the note and guaranty were part of the overall transaction. We find nothing in the record or the affidavits to dispute plaintiffs' assertion. In fact, defendant's deposition generally supports this theory. In addition, we note the following exchange involving defendant's attorney during the taking of the deposition of Desloge:

Q. The lease documents or document proves that R.C.R. will execute a promissory note?
A. Yes.
Q. And R.C.R. did on September 11, 1975, execute a promissory note? A. Yes.