Robert A. PROST and Roberta H. Prost, Appellants,

v.

Harry ORDELHEIDE, Respondent.

No. 43648.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 15, 1981.

Motion for Rehearing and/or Transfer Denied Jan. 15, 1982.

Daniel J. McMichael, Clayton, for appellants.

Charles W. Niedner, St. Charles, for respondent.

CRIST, Judge.

Plaintiffs Robert and Roberta Prost appeal from summary judgment in favor of Defendant Harry Ordelheide in their action for damages resulting from the collision of defendant's car and plaintiffs' house. We affirm.

Plaintiffs alleged their house was damaged on November 25, 1977 when defendant negligently allowed his automobile to roll down his driveway and into plaintiffs' house. Defendant filed an answer admitting his automobile rolled into and collided with plaintiffs' house, but denied allegations of negligence on his part and of the resultant damages to the house. Defendant also asserted plaintiffs had executed a general release to defendant for $500.00 in settlement of his liability to plaintiffs for which plaintiffs sought recovery and attached a copy of the release to the answer. This general release was executed September 27, 1979 and the $500.00 payment was made to plaintiffs by defendant's insurance carrier, MFA Insurance Company.

On July 24, 1980, defendant filed his motion for summary judgment on two grounds: (1) plaintiffs were not the real parties in interest because they had assigned their right, title and interest in the property mentioned in the petition to State Farm Fire and Casualty Company in consideration of $7,261.60 and (2) the aforementioned release discharged defendant from all liability for the occurrence adverted to in the petition. The trial court sustained this motion on October 28, 1980 without opinion.

Plaintiffs' points on appeal challenge the sustentation of the motion on both grounds. Because we affirm the trial court's action on the basis of the release, the assignment issue is rendered moot.

On appeal, plaintiffs assert there was a genuine issue of fact both as to the intent of the parties and as to misrepresentation on the part of defendant in the execution of the release. Plaintiffs did not raise these affirmative defenses in a reply as required by Rule 55.01, which states in part: "A defense consisting of an affirmative avoidance to any matter alleged in a preceding pleading must be pleaded." *See, Jaycox v. Bruce,* 434 S.W.2d 539, 545–547 (Mo.1968).

Further, plaintiffs did not file suggestions, affidavits, exhibits or written response in opposition to defendant's motion for summary judgment. Rule 74.04(e) provides in part:

When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

When confronted with the motion for summary judgment, plaintiffs could not sit idly by, but were compelled to come forward with particular facts to establish material issues of fact. They cannot block summary judgment by now claiming they have evidence for trial which will bring issues of fact into the open. *Phillips v. Atlantic Richfield Co., Inc.,* 605 S.W.2d 139, 142 (Mo.App.1979). Summary judgment is a radical and severe remedy. It is apropos only when there is no genuine issue of fact to be tried. *Johnson v. Givens Real Estate, Inc.,* 612 S.W.2d 797, 799 (Mo.App.1981). But here, where plaintiffs failed to raise the affirmative defense to the release in a re-

ply, and rested upon their pleadings when confronted with defendant's motion for summary judgment, the trial court properly found plaintiffs vulnerable to such remedy.

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.