Doris Jeanette Palmer CRAWFORD, Appellant,

v.

BOATMAN'S BANK OF WEST COUNTY, Respondent.

No. 44954.

Missouri Court of Appeals, Eastern District, Division Three.

June 1, 1982.

Motion for Rehearing and/or Transfer Denied July 16, 1982.

Application to Transfer Denied Sept. 13, 1982.

Edward C. Vancil, Inc., Clayton, for appellant.

Irwin James Frankel, Clayton, for respondent.

CRIST, Judge.

Doris Jeanette Palmer Crawford appeals from summary judgment in favor of Boatman's Bank of West County (bank) in its action to collect on a promissory note executed by Crawford and her husband. We affirm.

On December 12, 1975, Crawford and her husband executed a continuing Guarantee Agreement, providing in part:

In consideration of Boatman's Bank of West County, Ballwin, Missouri (hereinafter "Bank") making advances of money or otherwise giving credit to International Business Products, Inc. . . . does hereby guarantee the full and prompt payment . . . of all indebtedness . . . to said Bank now existing or hereafter created or arising . . . .

On April 9, 1979, a renewal note was executed on behalf of International Business Products, Inc., by husband as president. On October 20, 1980 there remained an alleged principal due on this note in the sum of $8,137.24.

On March 25, 1981, bank filed its petition against Crawford on the note and Guarantee Agreement alleging the above mentioned facts and that all money advanced by bank was advanced in reliance upon the written guarantee of Crawford. Bank also prayed for interest and attorney fees.

On May 4, Crawford was given thirty days to file her responsive pleading. On June 4, she filed a motion to dismiss for failure of bank to state a cause of action. This motion was the only pleading filed by Crawford. It was never ruled upon by the trial court.

On June 4, bank filed its request for admissions, that Crawford, in effect, was liable on the note and guarantee in the amount prayed for in bank's petition. On June 26, Crawford was given until July 14 to answer bank's request for admissions.

On September 4, bank filed its motion for summary judgment based upon the pleadings, the unanswered request for admissions, and an affidavit that there was due and owing bank the sum of $8,137.24 principal on the note. On the same day Crawford was notified that the matter would be heard on September 18.

Crawford filed nothing in response to bank's motion for summary judgment. However, on September 18, the date scheduled for the submission of the motion for summary judgment, Crawford asked leave to file her answer to bank's request for admissions, which answer denied some of the facts alleged in bank's original petition. The trial court denied Crawford's request to file her answer to the request for admissions, took the matter of the motion for summary judgment under submission and on September 24 ordered summary judgment in favor of bank.

Crawford argues that the trial court should have accepted her answer to bank's

**198**

request for admissions when she presented it on September 18. Crawford, who had already been granted one extension, had not obtained an enlargement of time under Rule 44.01(b). The trial court could properly refuse her answer to the request for admissions when such answer was presented some six weeks after the extended deadline.

The trial court correctly sanctioned Crawford's default in this regard as admissions of the matters requested. Rule 59.-01(a). That proof left no material issue of fact to be tried. Contrary to Crawford's assertion on this appeal, summary judgment was a proper order. Rule 74.04, *Linde v. Kilbourne*, 543 S.W.2d 543, 547 (Mo.App. 1976).

Bank's petition stated a cause of action and Crawford's motion to dismiss does not change this. On this appeal, Crawford states that failure of consideration as to the Guarantee Agreement was still at issue despite the fact that the guarantee, the note and the unanswered petition all indicate consideration. Further, this affirmative defense was not raised in the summary judgment proceedings. Rule 55.-08. *Prost v. Ordelheide*, 627 S.W.2d 662, 663 (Mo.App.1981). *See, Williams v. Irwin-Willert Co.*, 604 S.W.2d 640, 642 (Mo.App. 1980). In any event, a party cannot claim that she has evidence for trial, apart from the summary judgment proceedings, which will evince issues of fact in order to avoid summary judgment. *See, Phillips v. Atlantic Richfield Co., Inc.*, 605 S.W.2d 139, 142 (Mo.App.1979).

The execution of the note and Guarantee Agreement by Crawford was admitted. Liability of Crawford on the note and guarantee in an amount certain is also admitted. The pleadings, affidavit and admissions show by unassailable proof that bank was entitled to summary judgment as a matter of law. Rule 74.04(h); *Bloom v. Calcaterra*, 600 S.W.2d 192, 195 (Mo.App.1980).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.