**Anthony J. PACE and Josephine Pace, Appellants,**

v.

**LAND CLEARANCE FOR REDEVELOPMENT AUTHORITY OF KANSAS CITY, Missouri, Respondent.**

**No. WD 37496.**

Missouri Court of Appeals, Western District.

July 15, 1986.

John W. Frankum, Kansas City, for appellants.

Ray E. Sousley, Kansas City, for respondent.

Before KENNEDY, P.J., BERREY, J., and ROPER, Sp.J.

KENNEDY, Presiding Judge.

This is an appeal from a summary judgment in favor of alleged seller of land in a suit brought by buyers for specific performance of contract and damages for breach thereof. The issue is whether there

was a contract, buyers claiming there was and sellers claiming there was not.

We affirm the judgment of the trial court.

Appellants Anthony J. and Josephine Pace submitted to the respondent Land Clearance for Redevelopment Authority of Kansas City [1] a bid of $10,850 for Tract No. 22 of the Attucks East Urban Renewal area, along with a plan for the development of the same. The proposed use for the tract was for a commercial restaurant. The Authority's governing body on August 10, 1983, adopted a resolution (Appendix A) approving the bid and plan. The resolution essentially followed the procedure prescribed by Sec. 99.450(2), RSMo 1978. It authorized its executive director to submit to the mayor and City Council of Kansas City a written notice of the Authority's intention to accept the Pace proposal. It provided that if the City Council did not within 30 days take any action indicating the proposal ought not to be accepted, that "the Chairman is hereby authorized and directed to enter into a Contract to Sell and Purchase with such parties upon the basis of said proposal in the general form provided by the Authority.... That pursuant to the execution of the Contract, the Chairman is hereby further authorized to execute and deliver on behalf of the Authority such conveyance documents as may be necessary to consummate the transaction described herein." Such notice was duly given to the mayor and City Council. More than 30 days passed without any action having been taken by the latter body.

The chairman of the Authority, though, did not execute the contract with the Paces in pursuance of the above resolution. On December 28, 1983, the Authority adopted a resolution rescinding the earlier resolution, and directing that the Paces' earnest money deposit (of $542.50) be returned to them. The resolution recited that "representatives" of Kansas City had requested the Authority to reconsider the Pace sale

and had suggested that the land could better be used for park and boulevard purposes than as a commercial restaurant, the use proposed by the Paces.

The Paces brought this suit against the Authority for specific performance of its alleged contract and for damages for breach of contract. Their position is that the August 10, 1983, resolution constituted an acceptance of their offer by the Authority, and that, upon the failure of the City Council to take any contrary action within 30 days, their bid and the Authority's resolution ripened into a binding contract.

The Authority filed a motion for summary judgment on the ground that no contract came into existence between the parties, and on the further ground that any such contract was unenforceable because it did not comply with § 432.070, RSMo 1978. This section provides that any contract by a "county, city, town, village, school township, school district or other municipal corporation ... including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing."

Summary judgment was granted in favor of the Authority, and it is that judgment which is before us upon appeal.

■ Appellants contend, as noted above, that the August 10, 1983, resolution constituted an acceptance of their proposal—that the essential terms of the contract were thereby agreed upon, and with the passage of the 30-day period for disapproval by the City Council of Kansas City, the contract came into existence and was binding upon the Authority.

We reject the Paces' argument and affirm the trial court's judgment.

The August 1983 resolution undoubtedly indicated a purpose and intent on the part of the Authority to accept the essential provisions of the Paces' bid—but the pur-

1. The Land Clearance for Redevelopment Authority of Kansas City is created by city ordinance under the provisions of § 99.330, RSMo 1978. Its duties and powers are defined by §§ 99.300–99.715, RSMo 1978 and Supp.1984.

pose and intent was to enter into a contract at a future time and not at the present time. In other words, it is evident that the resolution was not intended as the final step in the formation of a binding contract with the Paces. The resolution contemplated the additional step of actual execution by its chairman of an executory contract for the sale of the property "upon the *basis* of said proposal in the *general form* provided by the Authority." (Emphasis supplied.) What additional terms might have been included in "the general form provided by the Authority" we do not know. It is not framed as a present commitment, by which it intended to place the acceptance of the Pace offer beyond its control or recall.

The resolution was not directed or addressed to the Paces; it was for the internal purposes of the Authority. It is somewhat analogous to an uncommunicated acceptance of an offer, which is held to be no acceptance at all. *Cottonseed Delinting Corp. v. Roberts Brothers, Inc.*, 218 S.W.2d 592, 594 (Mo.1949); *Medicine Shoppe International, Inc. v. J–Pral Corp.*, 662 S.W.2d 263, 270 (Mo.App.1983); *Koch-Laumand Contracting, Inc. v. May Department Stores Co.*, 623 S.W.2d 52, 55 (Mo.App.1981).

The Paces argue that summary judgment was not appropriate here, but that the case should proceed to trial for additional evidence of the intent of the Authority in adopting the resolution. Their argument is that evidence might be produced which would show that it was the intent of the Authority by the adoption of the resolution to enter into a present binding contract. They did not suggest to the trial court what additional evidence might be produced which would show such intent. It is no answer to a motion for a summary judgment that evidence might be presented which would raise an issue of fact and make summary judgment inappropriate. *Jones v. Maness*, 648 S.W.2d 629, 632 (Mo. App.1983); *Crawford v. Boatman's Bank of West County*, 637 S.W.2d 196, 198 (Mo. App.1982); *Phillips v. Atlantic Richfield Company, Inc.*, 605 S.W.2d 139, 142 (Mo.

App.1979). One against whom a motion for summary judgment is filed must show specific evidence which raises a genuine issue of material fact.

■ A second obstacle stands in the way of this alleged contract. That is its failure to comply with § 432.070, RSMo 1978. (This section does apply to Land Clearance for Redevelopment Authorities constituted under the Authority of Chapter 99, RSMo. *See Laret Investment Co. v. Dickmann*, 345 Mo. 449, 134 S.W.2d 65, 67 (banc 1939) (housing authority is "a municipal corporation, exercising public and essential governmental functions"); *Hunt v. St. Louis Housing Authority*, 573 S.W.2d 728, 729 (Mo.App.1978) ("municipal corporation" includes public corporation acting as arm of local government to exercise essential governmental functions).) There was no "writing ... subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing." It was the chairman of the Authority who was given authority to sign the contract. But there was never any contract in writing signed by him. Section 432.070 is given a strict and literal interpretation, *Burger v. City of Springfield*, 323 S.W.2d 777 (Mo.1959), unrelieved by considerations of equity which relieve against hardship and unjust enrichment of private persons whose contracts might fall short of strict legal requirements. *Donovan v. Kansas City*, 352 Mo. 430, 175 S.W.2d 874, 884 (banc 1943) (no recovery for unjust enrichment under *ultra vires* contract); *Allen v. City of Fredericktown*, 591 S.W.2d 723 (Mo.App.1979) (estoppel and undeserved benefits theories rejected); *State ex rel. Walmar Investment Co. v. Mueller*, 512 S.W.2d 180, 184 (Mo.App.1974) (equitable estoppel rarely applicable against governmental body); *Riley v. City of Rock Port*, 165 S.W.2d 880, 889 (Mo.App.1942) (no ratification of contract which was void *ab initio*). The failure to comply with § 432.-070 would be fatal to this contract if there had been one—which as we have held *supra* there was not.

The judgment is affirmed.

All concur.

## APPENDIX A

### RESOLUTION

WHEREAS, a proposal has been submitted for the purchase and development of Disposition Tract No. 22 in the Attucks East Urban Renewal Area by Anthony J. and Josephine Pace; and

WHEREAS the said proposal including the amount offered for the land and the proposed plan of development, in accordance with the Urban Renewal Plan for the area, has been considered and reviewed, and the legal ability of the prospective developers to carry out the development has been fully considered.

NOW, THEREFORE, BE IT RESOLVED BY THE LAND CLEARANCE FOR REDEVELOPMENT AUTHORITY OF KANSAS CITY, MISSOURI, AS FOLLOWS:

1. That it is hereby found and declared that the proposal of Anthony J. and Josephine Pace to purchase Disposition Tract No. 22 in the Attucks East Urban Renewal Area for the sum of $10,850 represents the fair value of the land in said Disposition Tract for the use in accordance with the Urban Renewal Plan for the said area, and the proposed plan of development of said Disposition Tract No. 22 is in the public interest and in furtherance of the Missouri Land Clearance for Redevelopment Authority Law.

2. That upon the basis of such findings and declarations, the said proposal submitted by Anthony J. and Josephine Pace is hereby approved, and the Executive Director is hereby authorized to submit to the Mayor and the City Council of Kansas City, Missouri, a written notice of the intention of the Authority to accept such proposal.

3. That in the event no action is taken by the City Council within thirty (30) days from the date of delivery of such notice indicating that the said proposal should not be accepted, the Chairman is hereby authorized and directed to enter into a Contract to Sell and Purchase with such parties upon the basis of said proposal in the general form provided by the Authority.

4. That pursuant to the execution of the Contract, the Chairman is hereby further authorized to execute and deliver on behalf of the Authority such conveyance documents as may be necessary to consummate the transaction described herein.

Dated this 10th day of August, 1983.