William Toby EVERETT, a Minor, by Margieree Everett Jones, his Next Friend, and Margieree Everett Jones, Appellants,

v.

Hulon G. MORRISON, Jr., Respondent.

No. 55598.

Supreme Court of Missouri, Division No. 2.

April 10, 1972.

David C. Godfrey, Clayton, for appellants.

Goldenhersh & Newman, Leo M. Newman, St. Louis, for respondent.

FRANK CONLEY, Special Judge.

Plaintiffs brought suit in two counts for personal injuries sustained when plaintiff, William Toby Everett, was struck by defendant's automobile on August 16, 1968. A jury found for defendant and plaintiffs appeal.

The single question presented on appeal involves the refusal by the trial judge to permit plaintiffs to use a witness who had not been disclosed by answer to interrogatories without granting defendant a continuance on his claim of surprise. We limit our facts to those relating to this issue.

Defendant served interrogatories on plaintiffs requesting, among others, the names of witnesses to the occurrence. The original answer contained no names. Supplemental answer filed 12 days before trial, listed three witnesses, none of which was the witness in question, Allie Pierce.

Trial commenced January 6, 1970, with voir dire and jury selection. The jury was then excused until 10:00 a. m. the following day. Prior to leaving the courthouse, plaintiffs' counsel learned through a witness that one Allie Pierce may have witnessed the accident. Mr. Pierce was not listed on the supplemental answer to defendant's interrogatories, being unknown to plaintiffs' counsel. Plaintiffs' counsel did not at that time have an opportunity to interview Pierce because of Pierce's desire to leave the courthouse. Later that same evening at about 8:00 p. m. plaintiffs' counsel located Pierce at his home and interviewed him. Plaintiffs' counsel terminated this interview at approximately 10:00 p. m. The following morning, during opening statement for plaintiffs, counsel stated what he intended to show through Pierce's testimony. Defendant objected under the continuing interrogatories rule, claiming surprise. After discussion outside the jury's hearing, the Court concuded:

"Let the record show this Court does not question the veracity of counsel's statement, that he did discover this witness last night, but it is the opinion of this Court that does not circumvent the law relating to the requirement of both sides to supply each other with witnesses when they are discovered. The Court . . . will not deny you the right to use Mr. Pierce, but not at this time. If you desire I will . . . declare a mistrial, continue the case . . ., and you will be able to try this case probably six or eight weeks hence. . . ."

Plaintiffs' counsel declined and presented the case without Mr. Pierce, and without offering the witness, Pierce or making at that time an offer of proof.

It is well established that one party is entitled to obtain from the other party the names of persons who were witnesses to the occurrence out of which the action arose. Laws v. City of Wellston, Mo., 435 S.W.2d 370, citing State ex rel. Pete Rhodes Supply Co. v. Crain, Mo., 373 S. W.2d 38. It is equally well established, that this is a continuing obligation. Laws v. City of Wellston, supra.

Plaintiffs' counsel now contends that this continuing obligation ceases at the moment trial commences and that thereafter there is no duty to disclose material witnesses to opposing counsel. With this we cannot agree.

To terminate the obligation under interrogatories at the moment trial commences, could most assuredly lead to potential ma-

terial witnesses not being located or interviewed until after trial commences. This is not the spirit of the rule, or the law.

> "The rules for discovery here involved were designed to eliminate, as far as possible, concealment and surprise in the trial of law suits to the end that judgments therein be rested upon the real merits of the causes and not upon the skill and maneuvering of counsel. It necessarily follows, if such rules are to be effective, that the courts impose appropriate sanctions for violations thereof." Evtush v. Hudson Bus Transportation Co., 7 N.J. 167, 173, 81 A.2d 6, 9.

Hence we hold that the obligation continues and that in the instant case the trial judge did not abuse his discretion by ruling that he would not permit testimony by this witness who admittedly was a possible eyewitness without also granting the defendant a continuance. Here counsel elected to proceed and forego the use of the witness.

Judgment affirmed.

All of the Judges concur.