**Willis Ray HOLT, Respondent,**

v.

**Albert BEST, Appellant.**

**No. 15240.**

Missouri Court of Appeals,
Southern District,
Division One.

May 18, 1988.

Wayne Gifford, Waynesville, for appellant.

Willis Ray Holt, pro se.

HOLSTEIN, Judge.

Appellant Albert Best (defendant) appeals from a judgment in the sum of $774 in favor of respondent Willis Ray Holt (plaintiff). The case, which originated in the small claims division of the circuit court, was heard on the record following an application for a trial de novo filed March 10, 1987. Plaintiff claims to have delivered an automobile engine and parts valued at $522 to defendant for purposes of performing an overhaul. The petition further alleges that although defendant was paid $450 for the work, he did not return the engine, but sold it to another person. The case was set for trial on May 29, 1987. On May 4, 1987, defendant filed request for admissions and interrogatories. Plaintiff was not represented by counsel and filed no response to the discovery.

On the morning of and prior to trial, defense counsel requested that each matter of which an admission had been requested, be deemed admitted. Rule 59.01(a).[1]

Plaintiff was obviously befuddled by the request for admissions and interrogatories. When asked by the court if he had received it, plaintiff's reply was, "I received it, Your Honor, but it's all bull."

The trial court did not directly deny the request to deem the matters admitted, but cautiously and patiently proceeded through the six admissions sought and five interrogatories with plaintiff, permitting him to make his responses and answers orally. Counsel for defendant made no objection to this procedure.

The answers to interrogatories revealed that an automobile engine, the subject of the litigation, was purchased from plaintiff's brother-in-law and a repair kit for the engine was purchased from an automotive store. Following completion of the court's review of the request for admissions and interrogatories with plaintiff, the following exchange occurred between the trial judge and defendant's attorney:

THE COURT: All right. What else is it you need to know that we haven't answered here this morning?

MR. GIFFORD: I think we were entitled to information so we could subpoena these people in because, if you'll look at this thing from [the automotive store], it says October the 1st without specifying the year.

THE COURT: Do you want copies of these documents, Mr. Gifford?

MR. GIFFORD: Yes, Your Honor, I do. I want to be able to call the people in and make them testify to these things. This brother-in-law business sounds a bit —(Inaudible.)

THE COURT: Well, Mr. Gifford, hold on just a moment here. You've been in this lawsuit. You jumped out of it when they had the hearing before when you could have found all this out. This morning you're back here wanting to jump back in it, and I'm going to let you. But we're not going to continue this proceeding after today. We're going to proceed with it this morning, and we're going to conclude it this morning.

Now, Mr. Holt has answered your admissions and answered your interrogatories here in open court. As a matter of fact, your interrogatories and your request for admissions weren't filed until ... May 4th. Had Mr. Holt had the skills of a lawyer and filled these answers out and filed them written, as should have been done, you would not have had that information, at the earliest, until the 26th of this month....

So, we're not going to continue anything for you to get witnesses in that should have been discovered a long time ago ... that could have been done a month ago or two months ago.

Defendant now claims that the trial court erred in not deeming the matters included in the request for admissions as admitted and in not continuing the matter in view of the late response to interrogatories.

Defendant argues that had the matters been admitted, all the issues in the case would have been resolved in his favor. Thus, permitting the late filing of the re-

1. All references to rules are to Missouri Rules of    Court, V.A.M.R.

sponse to request for admissions was prejudicial.

It is within the trial court's discretion to allow the late filing of answers to "requests for admissions" and absent a showing of either bad faith or prejudice, that discretion reposed in the trial court is not abused. *Coates v. U.S. Fidelity & Guar. Co.*, 525 S.W.2d 654, 655 (Mo.App. 1975). While plaintiff's ignorance of the discovery rules does not excuse his failure to comply with them, his conduct falls short of bad faith. The question remains whether defendant has made a showing of prejudice.

In discussing Federal Rule 36, after which our Rule 59.01 is patterned, the court in *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir.1983) stated:

> The prejudice contemplated by the rule "relates to the difficulty a party may face in proving its case" because of the sudden need to obtain evidence required to prove the matter that had been admitted.

The Missouri Court of Appeals has accepted this interpretation of Federal Rule 36. *U.S. Clip Corp. v. McThal, Inc.*, 729 S.W. 2d 658, 660 (Mo.App.1987). Defendant made no showing to the trial court, or here, that he did not have witnesses or evidence available on the day of trial to prove the matters upon which he had requested admissions. Absent some showing that defendant had difficulty in proving his case because of a sudden need to obtain evidence, there is no prejudice and, thus, no abuse of discretion by the trial court in permitting the late response.

We now turn to defendant's claim that the trial court erroneously failed to impose sanctions or grant a continuance in response to plaintiff's untimely answers to interrogatories, which disclosed the names of the persons who sold plaintiff the engine and repair kit. Rule 61.01(b) authorizes such sanctions for failure to respond to interrogatories as are "just." Sanctions for failure to comply with discovery are within the trial court's discretion, as is the granting or denial of a continuance in order

to further pursue discovery. *Sandin v. Sandin*, 688 S.W.2d 50, 53 (Mo.App.1985). Wide leeway is given in prescribing penalties for noncompliance. *State ex rel. N.W. Elec. Power Coop., Inc. v. Buckstead*, 399 S.W.2d 622, 625 (Mo.App.1966). The authority to impose or withhold sanctions is permissive and absent manifest abuse, the discretion will not be disturbed. *State ex rel. N.W. Elec. Power Coop. v. Buckstead, supra*.

The only case cited by defendant in support of his claim that the trial court abused its discretion in failing to grant a continuance is *Everett v. Morrison*, 478 S.W.2d 312 (Mo.1972). There it was held that the trial judge would not abuse his discretion by granting a continuance where a plaintiff failed to disclose an eyewitness to an automobile accident which was the subject of the litigation.

The trial court is vested with broad discretion in ruling on motions for continuance. *Davison v. Commerce Bank of Mexico*, 667 S.W.2d 474, 476 (Mo.App.1984). On appeal, the trial court's decision is given every possible intendment and will not be set aside unless shown to be abused by arbitrary or capricious exercise. *Davison v. Commerce Bank of Mexico, supra*. Comparing the *Everett* case to ours, the witnesses here are not parties or witnesses to the transaction between plaintiff and defendant. They are merely persons who had sold an engine and parts to plaintiff which were later delivered by plaintiff to defendant. Their testimony would only be cumulative or impeachment evidence of the dates and amounts of the purchases. In addition, defendant was not diligent in seeking to identify the witnesses. The opportunity to identify the witnesses was available at the original small claims trial, as well as by more timely discovery.

Before an appellate court even considers whether the trial court abused its discretion in denying a continuance due to absent witnesses or evidence, some minimal showing is required. It must appear that the evidence is material, the applicant for the continuance was diligent in obtaining the

missing witness or evidence, and such evidence could not have been obtained from other sources whose attendance could have been procured. Rule 65.04. We find no abuse of discretion in the trial court's failure to grant a continuance or other sanction based on the late disclosure of these witnesses.

Our research discloses no case in which a trial court has been convicted of an abuse of discretion for permitting answers to interrogatories or responses to request for admissions to be made three days after the due date. Defendant, who waited until less than a month before trial to file request for admissions and interrogatories, knowing the plaintiff was not represented by counsel, is in no position to complain of "trial by ambush" because the trial court permitted responses three days late. Under the circumstances, one may question who was attempting to ambush whom.

The judgment is affirmed.

CROW, C.J., and GREENE, P.J., concur.