STATE of Missouri, ex rel., A.N.W., by her next friend T.J.W., and T.J.W. individually, Respondent,

v.

D.T.F., and George W. Seibert, Jr., Appellant.

No. 57290.

Missouri Court of Appeals, Eastern District, Division One.

May 9, 1990.

Steven J. Bratten, Jefferson City, for appellant.

Bradley Harold Lockenvitz, Linn, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, D.T.F., appeals the August 31, 1989, judgment of the Circuit Court of Osage County declaring him to be the father of A.N.W. and ordering him to pay child support. We affirm.

On July 1, 1987, A.N.W., by next friend T.J.W., filed her "Petition for Declaration of Paternity and Order of Support and Custody" with the Circuit Court of Osage County. Appellant filed a timely answer and on December 16, 1987, filed a request for admissions pursuant to Civil Rule 59.-01(a). The sole admission requested by appellant was that D.T.F. was "not the natural and biological father of the minor child known as [A.N.W.]". This request for admissions remained unanswered until March 25, 1988, at which time it was denied by respondent.

On July 7, 1988, appellant filed a motion for summary judgment alleging that, as respondent failed to submit a written answer to his request for admissions within 20 days after service, Rule 59.01(a) required that the matter be deemed admitted. The trial court denied summary judgment and, on August 13, 1989, entered its judgment finding appellant to be the father of A.N.W. and ordering appellant to pay $130.00 per month in child support. This appeal followed.

On appeal, appellant alleges that the trial court erred in denying his motion for summary judgment because his lack of paternity should have been deemed admitted when respondent failed to answer his request for admissions in a timely manner. We find absolutely no merit to appellant's contentions. It is a well-established rule that the trial court has the discretion to allow the late filing of answers to "requests for admissions" and that, absent a showing of bad faith or prejudice, there is no abuse of this discretion. *Coates v. U.S. Fidelity and Guar. Co.*, 525 S.W.2d 654, 655 (Mo.App., St.L.D.1975); *Holt v. Best*, 750 S.W.2d 705, 707 (Mo.App., S.D.1988). The prejudice that must be shown in such a case must relate "to the difficulty a party may face in proving its case because of the

sudden need to obtain evidence required to prove the matter that had been admitted." *Holt*, 750 S.W.2d at 707. Absent such a showing, there is no prejudice. *Id.* In the present case, the answer to appellant's request for admissions was sent in March of 1988. This was more than three months before appellant's motion for summary judgment and over a year before the June 1, 1989, trial date. This court can find no prejudice.

Appellant cites *N.R. v. A.D.*, 655 S.W.2d 733 (Mo.App., E.D.1983) in support of his arguments. That case, however, has no application here. In *N.R.*, the plaintiff served requests for admissions of paternity on the alleged father. Those requests were not answered. Instead, the father's estate argued that his answers at a deposition taken five days after the requests were filed and his answers to certain interrogatories should be taken as substantially denying the facts sought to be admitted. This court held that a deposition could not be used as a substitute for answers to requests for admission. *N.R.*, 655 S.W.2d at 736. In the present case, however, the respondent did not attempt to rely on other forms of discovery to serve as her answers to the requested admissions. Her answers to appellant's requests for admissions were merely filed late and we find no abuse of discretion in the trial court accepting them. Affirmed.

REINHARD and CRIST, JJ., concur.