Joseph LICHTOR, Appellant,

v.

**MISSOURI BOARD OF REGISTRATION FOR THE HEALING ARTS and W. Joseph Ketcherside, Respondents.**

No. WD 48807.

Missouri Court of Appeals, Western District.

July 19, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1994.

Application to Transfer Denied Oct. 25, 1994.

See also 845 S.W.2d 55.

Don B. Roberson, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., William J. Bryan, Asst. Atty. Gen., Jefferson City, for respondents.

Before TURNAGE, C.J., and FENNER and HANNA, JJ.

TURNAGE, Chief Judge.

Joseph Lichtor, M.D. filed suit against the Missouri Board of Registration for the Healing Arts in which he sought a preliminary injunction to stay or rescind the Board's order which required Lichtor to submit to a reexamination. He also sought a declaratory judgment declaring the order invalid. Lichtor joined a claim against W. Joseph Ketcherside, M.D. for damages in the same petition. The court dismissed Lichtor's petition and Lichtor claims his petition stated a cause of action. Affirmed.

At some time prior to February 1992 Ketcherside wrote a letter to the Board concerning his observation of the professional conduct of Lichtor in a civil damage suit. In that case Ketcherside was the plaintiff's treating physician and Lichtor was an expert witness for the defense. It is not necessary to go into the details of that case. Suffice it to say that Ketcherside wrote to the Board that Lichtor's opinions were so grossly unprofessional that he was convinced that Lichtor was either incompetent or simply lying.[1]

The Board considered Ketcherside's complaint and voted to conduct a hearing pursuant to § 334.100.2(25)(a), RSMo Cum.Supp. 1990, to determine whether or not there was probable cause to question Lichtor's competency. After holding a hearing in February 1992 the Board found probable cause to question the competency of Lichtor to be able to practice as a physician with reasonable skill and safety to his patients. The Board issued an order on April 7, 1992 in which it ordered Lichtor to submit to a reexamination as provided in § 334.100.2(25)(a) by taking a special purpose examination. The Board ordered that Lichtor be given two opportunities to pass the examination at the next time the examination was offered in September and December, 1992. The Board further ordered that the failure of Lichtor to submit to the reexamination would constitute an admission of all of the allegations set forth in the notice sent to Lichtor advising him of the February 1992 hearing. The order further stated that in the event Lichtor failed to take the examination his license to practice medicine would stand revoked.

1. Ketcherside was a member of the Board at the time he wrote to the Board and later served as president of the Board. However, Ketcherside took no part in any hearing or decision involving Lichtor.

On July 27, 1992 Lichtor filed this action in which he sought to rescind the order requiring him to submit to a reexamination and declaring the order to be invalid. In Count III of his petition Lichtor sought damages against Ketcherside. The court dismissed the two counts against the Board for failure of Lichtor to exhaust administrative remedies. On motion of Ketcherside, the court dismissed the cause of action against him.

A preliminary matter is raised by Lichtor which will be addressed. During the course of the litigation in the circuit court, Lichtor propounded a request for admissions of at least 91 separate matters to Ketcherside. Ketcherside made a response out of time in which he admitted some requests, denied others and objected to the rest. Lichtor thereafter filed a motion to strike the answers and responses to the request for admissions and seeking an order that all 91 requests be deemed admitted for failure to file a timely answer or objections. Thereafter Ketcherside filed a motion for an extension of time in which to file a response to the request for admissions. The action against Ketcherside was dismissed without the court ruling on any of the motions.

Lichtor now contends that the statements in the request for admissions should be deemed admitted for failure of Ketcherside to respond. It will be noted that Ketcherside did respond and did request that he be permitted to file a response out of time. In *State ex rel. A.N.W. by T.J.W. v. D.T.F.*, 788 S.W.2d 805[1, 2] (Mo.App.1990), the court held that it is well-established that the trial court has discretion to allow a late response to a request for admissions. In this case Ketcherside had requested the court to allow a late response but the action was dismissed prior to the court ruling on that motion. Because the action was terminated prior to the court ruling on the request for an extension of time, it cannot be said that the statements in the request are deemed admitted.

Lichtor first contends that the court erred in dismissing his suit against the Board because he had failed to exhaust his administrative remedies. Lichtor contends that the April 7, 1992 order of the Board was a final decision because the Board stated that if Lichtor failed to submit to the reexamination the Board would consider all of the allegations to be admitted and Lichtor's license would be revoked. While the Board did purport to enter an order revoking Lichtor's license upon his failure to take the reexamination, the Board was unauthorized to enter a final order prior to the date of the examination. Section 334.100.2(25)(d) provides that the failure of a physician to submit to an examination as directed by the Board shall constitute an admission of the allegations against him in which case the Board may enter a final order without presentation of evidence unless the failure was due to circumstances beyond the control of the physician.

The statute clearly contemplates that the Board shall not make a final order with respect to a physician's license until after the date for the examination. After the physician fails to take the examination he has a right to show the Board that the failure to take the examination was due to circumstances beyond his control. Thus, on April 7, 1992 the Board had no power to enter a final order concerning Lichtor's license because the date for the examination had not yet arrived.

In this case the Board should have waited until after the dates of the examination had passed before it entered a final order revoking Lichtor's license. Prior to that time the Board had no way of knowing whether or not Lichtor would take the examination and though it can be argued that by filing this suit Lichtor gave evidence of his intent not to take the examination, he could have changed his mind and could have taken the examination. Thus, prior to the last date for the examination, the Board could not enter a final order revoking Lichtor's license because it did not know whether or not he would take the examination. Even after Lichtor failed to take the examination, the Board was required to give Lichtor an opportunity to demonstrate that his failure to take the examination was due to circumstances beyond his control.

■ In sum, Lichtor had the right to take the examination on the dates specified by the Board absent a court order that he was not required to take the examination. Upon his failure to take the examination he had the right to attempt to demonstrate to the Board that his failure to do so was due to circumstances beyond his control. The Board had no power to enter a final order prior to the date on which Lichtor was ordered to take an examination. For that reason the order of April 7, 1992 was not a final order revoking Lichtor's license. Absent a final order by the Board revoking Lichtor's license, he still has administrative remedies to pursue before the Board.

■ The trial court does not have subject matter jurisdiction in a case in which the party seeking judicial review has not exhausted all administrative remedies. *Lederer v. Director of Div. of Aging,* 865 S.W.2d 682, 684[2–4] (Mo.App.1993)

Lichtor contends that he falls within an exception to the rule that he must have exhausted his administrative remedies before seeking judicial review because the order requiring him to submit to a reexamination was void. As used in this argument, the word "void" would have the same meaning as it has in Rule 74.06(b). In *Platt v. Platt,* 815 S.W.2d 82, 83 (Mo.App.1991), the court stated:

[A] judgment is not void merely because it is erroneous, but only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law. (quoting *In re Four Seasons Sec. Laws Litig.,* 502 F.2d 834, 842 (10th Cir. 1974), *cert. denied* 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309).

■ Lichtor contends the order was void because of numerous defects which are pleaded in a conclusory manner, however, none of the alleged defects show a lack of jurisdiction in the Board to conduct a hearing and to make a determination requiring Lichtor to submit to a reexamination to establish his medical competency. Nor does he allege facts which would demonstrate that the Board acted in a manner inconsistent with his due process rights.

Lichtor further contends that he is not required to exhaust his administrative remedies if the administrative agency is guilty of unreasonable delay under § 536.100, RSMo 1986. It cannot be said that the Board was guilty of any unreasonable delay. The hearing was held in February, the order that Lichtor take a reexamination was issued in April and the reexamination was scheduled for September. This does not demonstrate any unreasonable delay.

The judgment dismissing Counts I and II against the Board is affirmed.

■ Ketcherside filed a motion to dismiss on the ground that Count III of Lichtor's petition failed to state a claim upon which relief can be granted. Lichtor contends the court erred in failing to assign a reason for his dismissal. When a trial court gives no reason for a dismissal, the appellate court considers that the dismissal was upon the grounds stated in the motion to dismiss. *Workman v. Vader,* 854 S.W.2d 560, 562[1, 2] (Mo.App.1993). Thus, the question is whether or not Count III alleged facts upon which relief could be granted.

Lichtor contends in a summary manner in his brief that his petition would support a number of causes of action. Lichtor has not spelled out the facts which he contends plead the causes of action which he alleges are stated. However, this court has examined the petition and will determine if facts have been alleged which would support any cause of action mentioned as possibilities by Lichtor.

■ Lichtor first contends that he has stated a cause of action for libel and slander. In *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 313[11] (Mo. banc 1993), the Court held that in order to state a cause of action for libel the allegations of libel must be alleged in the exact words which are alleged to be libelous. Lichtor failed to allege the exact words by which he contends Ketcherside libeled him.

■ Lichtor alleges that the libel and slander was contained in two letters which Ketcherside wrote to the Board. Slander

consists of speech. *Nazeri, Id.* Here Lichtor did not allege any oral slander but alleged only written matter which would constitute libel, if anything. No cause of action for libel and slander was stated.

 Lichtor further contends that he stated a cause of action against Ketcherside for malicious prosecution. One of the elements which a person must allege when suing on a theory of malicious prosecution is the termination of the proceeding in favor of the plaintiff. *Burnett v. Griffith,* 769 S.W.2d 780, 784 n. 2 (Mo. banc 1989). Lichtor failed to allege that any action instigated by Ketcherside against him had been terminated in Lichtor's favor.

 Lichtor also claims that his petition stated a cause of action for misrepresentation. One of the necessary elements which must be alleged in a cause of action for fraud, or misrepresentation, is a statement made by the defendant to the plaintiff. *John T. Brown, Inc. v. Weber Implement & Auto Co.,* 260 S.W.2d 751, 755[3] (Mo.1953). Lichtor failed to allege any statement made by Ketcherside to him on which he relied.

 Lichtor further contends that he stated a cause of action for civil conspiracy. In *Johnston v. Norrell Health Care, Inc.,* 835 S.W.2d 565, 568[3,4] (Mo.App.1992), the court held that to state a cause of action for civil conspiracy it must be alleged that the defendants conspired and agreed to commit an unlawful act and did in fact commit such unlawful act in pursuit of such conspiracy. Lichtor's petition failed to state facts which allege a conspiracy to commit an unlawful act and that such act was actually committed in pursuit of such conspiracy.

 Finally Lichtor contends that his petition stated a claim against Ketcherside for a violation of his civil rights under 42 U.S.C. § 1983. However, Lichtor has failed to allege that Ketcherside acted under color of state law which is a necessary element to establish liability in a § 1983 action. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

The judgment dismissing the action against Ketcherside is affirmed.

All concur.