COMMERCE BANK OF FENTON N.A., Plaintiff-Respondent,

v.

B.P.J. ENTERPRISES, INC., Lomelli Real Estate Company, Bart L. Jaurigui, Paul L. Jaurigui and Jack L. Langeneckert, Defendants-Appellants.

No. 45702.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 18, 1983.

David C. Drury, St. Louis, for defendants-appellants.

Irwin James Frankel, St. Louis, for plaintiff-respondent.

SNYDER, Presiding Judge.

This is an appeal from a summary judgment in an action on a promissory note and individual guaranty agreements. The trial court rendered summary judgment in favor of plaintiff-respondent Commerce Bank of Fenton N.A. (Commerce Bank), and against defendants-appellants B.P.J. Enterprises, Inc. (B.P.J.), Lomelli Real Estate Company, Inc. (Lomelli), Bart L. Jaurigui, Paul L. Jaurigui and Jack L. Langeneckert in the amount of $20,517.79 plus interest and court costs. They appeal. The judgment is affirmed.

On April 13, 1979, Bart L. Jaurigui, as president of B.P.J., executed a promissory note for $25,290.60 with respondent Commerce Bank as payee. Guaranty agreements were also executed on that date in which the following persons agreed in writing to be guarantors on the note: Lomelli, signed by Bart L. Jaurigui as president, and Bart L. Jaurigui, Paul L. Jaurigui and Jack L. Langeneckert, as individuals.

On December 15, 1980, respondent filed suit against appellants seeking judgment on the note against B.P.J., Lomelli and the three individual guarantors. Appellants' answer denied the allegations of the petition and as affirmative defenses alleged that the signatures of appellants were obtained by fraud and misrepresentation and that there was a failure and lack of consideration flowing to the appellants.

Respondent then filed a motion to strike appellants' affirmative defense of "complete failure and lack of consideration," and a motion for more definite statement concerning the allegations of fraud and misrepresentation. The motion for a more definite statement was granted and the appellants were allowed until October 16, 1981 to file an amended answer. None was filed by that deadline.

On December 8, 1981, respondent filed a request for admissions directed to all appellants, who were requested to admit the execution of the note and guarantees, the identity of the parties, the genuineness of the note and guarantees, the amount due, the demand for payment and refusal to pay. None of the appellants filed an answer to the request.

On January 21, 1982, respondent filed a motion for summary judgment against appellants. Appellants filed nothing in opposition to the motion. A hearing on that motion was held February 26, 1982 and the cause submitted. At the hearing, appellants were granted until March 4, 1982 to file amended answers.

A verified amended answer was filed on behalf of all appellants on March 3, 1982. In the answer, appellants denied each allegation in the petition, and further alleged that it was understood and agreed by all parties at the time the note was executed that the purpose of the loan was the purchase of certain restaurant equipment which would be pledged as security for the loan. They further alleged that they relied on this understanding and that respondent negligently permitted another party to use the funds for another purpose. There was no allegation of fraud or misrepresentation in the amended answer. No other affidavits were filed in support of the amended answer.

The motion for summary judgment was granted on March 10, 1982.

The sole issue in this case is whether the existing pleadings raise a genuine issue of material fact and thus whether the trial court erred in granting respondent's motion for summary judgment. There was no error.

Appellants argue that the trial court erred in granting the summary judgment because their amended, verified answer constituted a tardy answer to respondent's request for admissions. They also claim that the answer introduced contested and material matters of fact, and that the trial court misconstrued and misinterpreted plaintiff's request for admissions and improperly ignored defendant's affirmative defenses.[1] Appellants' contentions are without merit.

█ It is true that a "summary judgment is an extreme and drastic remedy, and great care should be exercised in utilizing the procedure." *Cooper v. Finke*, 376 S.W.2d 225, 229[3, 4] (Mo.1964); *Weldon, Williams and Lick, Inc. v. L.B. Poultry Company*, 537 S.W.2d 868, 870[2] (Mo.App. 1976). In ruling on the propriety of a summary judgment, an appellate court must scrutinize the record in the light most favorable to the party against whom the judgment was rendered. A summary judgment may be rendered only when it is plain by the pleadings, admissions, depositions and affidavits that there is no genuine issue of material fact. A genuine issue of fact exists whenever there is the slightest doubt about the facts. The burden is on the moving party to show by unassailable proof that there is no genuine issue of fact. *Williams v. Irwin-Willert Co.*, 604 S.W.2d 640, 642[1–3] (Mo.App.1980); Rule 74.04.

█ When a motion for summary judgment is before the court, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 74.04(e); See also *Kroh Brothers Development Co. v. State Line Eighty-Nine, Inc.*, 506 S.W.2d 4, 11[5] (Mo.App.1974).

In considering the motion for summary judgment, the trial court had the following documents before it: plaintiff's petition and exhibits (including copies of the promissory note and guaranty agreements), defendants' answer, plaintiff's request for admissions of fact, plaintiff's motion for summary judgment, and defendants' amended answer.

█ The appellants failed to respond to the request for admissions and under Rule 59.01(a), the facts set forth in the request are deemed admitted. *Metropolitan St. Louis Sewer District v. Zykan*, 495 S.W.2d 643, 656[16] (Mo.1973); See also *Crawford v. Boatman's Bank of West County*, 637 S.W.2d 196 (Mo.App.1982). Although the appellants argue their verified answer was in substance a response to the request for admissions of fact, there is no support for that conclusion on the record. The trial court granted the appellants leave to file an

---

1. The appellants also contend that "Summary Judgment denies a party his day in court, and is a harsh remedy to be used in only extreme circumstances, and is not favored in the law."

This point is an abstract statement of the law which fails to comply with Rule 84.04(d). The point is stricken. Rule 84.08.

amended answer at the hearing on the motion for summary judgment. No request for leave to file a late answer to the request for admissions appears in the record. In addition, the substance of appellants' answer does not in any way address the facts detailed in the request for admissions.

 Although the defendants attempt to claim in their amended verified answer that the bank negligently permitted another party to use the proceeds of the loan for his own purposes, that alone is insufficient to raise a question of material fact. A verified pleading, like any pleading, may be presented to the court, but it will not be awarded the probative force of an affidavit unless it meets the requirements of Rule 74.04(e). The rule requires that the content of the pleading must be asserted to be on the personal knowledge of the pleader, must set forth facts that would be admissible in evidence, and show affirmatively that the pleader is competent to testify to the matters pleaded. See *American National Bank in Springfield v. White River Service Corp.*, 586 S.W.2d 454, 457[2–4] (Mo.App. 1979). "Few pleadings will satisfy these requirements, even when verified." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2738, p. 502 (1983).

Appellants' amended answer does not meet the requirements for evidentiary weight because its allegation that respondent allowed the debtor to misappropriate the funds is not asserted on the personal knowledge of appellants, nor does the answer affirmatively show that appellants are competent to testify to the matter pleaded. Further, it is questionable whether evidence relating to the use of the proceeds of the note would be admissible as a defense. There was no allegation that the note proceeds were paid over to the wrong person.

"Certainly, if the unanswered requests for admissions dispose of all issues raised by the pleadings, the summary judgment was proper and appellant's claims to relief are foreclosed." *Scott v. Twin City State Bank,* 537 S.W.2d 641, 643[1] (Mo.App.1976); See also *Crawford v. Boatman's Bank of West County, supra* at 198[2] (Mo.App.1982).

The judgment is affirmed.

DOWD, C.J., and GAERTNER, J., concur.