**U.S. CLIP CORPORATION,
Plaintiff-Respondent,**

**v.**

**McTHAL, INC., d/b/a Don McDowell
Meat Packing Co.,
Defendant-Appellant.**

No. 52281.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 19, 1987.

James F. Haffner, Flat River, for defendant-appellant.

William Gerald Reeves, Farmington, for plaintiff-respondent.

KAROHL, Judge.

Defendant appeals summary judgment for plaintiff in a suit to collect a balance due on the sale price of some equipment. We conclude from the abbreviated legal file that plaintiff sold and defendant bought a poly clipper machine and Vac table pump in

July, 1982; that defendant paid to plaintiff on account the sum of $500 in March, 1983; that on November 5, 1985 there was due the sum of $7,436.41; and, that the purchase agreement provided for interest at the rate of one and one-half percent per month. All of these matters were presented in plaintiff's request for admissions served pursuant to Rule 59 and filed in court and furnished to counsel for defendant on April 4, 1986. The trial court found as a fact that defendant failed to file a timely proper response to plaintiff's request to admit on or before May 12, 1986. The date was beyond the period allowed by Rule 59.01(a). It was fixed by a judicial order entered on May 1, 1986. The trial court found that defendant, for failure to meet the deadline, had conclusively admitted all material issues of fact and entered judgment for plaintiff.

The petition was originally filed in the associate circuit court as a suit on account. It prayed judgment for a balance due of $4,869.72 with agreed interest of 1.5% per month from June 22, 1983 and costs. Defendant filed a general denial. Defendant failed to timely respond to plaintiff's discovery efforts and sanction orders were made. On November 4, 1985 a trial was held and judgment entered for plaintiff for $7,436.41. This included unpaid purchase price of $4,650.00, plus interest and costs. We review a judgment after a request of defendant for a de novo hearing.

On April 4, 1986, plaintiff filed requests for admissions. Defendant was then represented by an attorney who received the requests to admit. On April 10, 1986, defendant's then attorney filed a motion to withdraw alleging as grounds that defendant refused to cooperate in answering plaintiff's request for admissions. On April 14, 1986, the associate circuit judge who had entered the associate court judgment granted defense counsel leave to withdraw. A circuit judge of St. Francois County recognized a problem and entered an order on May 1, 1986 holding the order permitting defendant's counsel to withdraw to be void, but entered a new order to the same effect. On that day the circuit judge also entered the following order: "The Court grants defendant until May 12, 1986, to file its response to said Requests to Admit; and in the event of Defendant's failure to file such response within said period of time, said Requests shall be deemed conclusively admitted, and judgment shall be entered herein in favor of plaintiff and against defendant as prayed in plaintiff's petition. Clerk to notify *parties* of record of entry of this order." (emphasis added)

On May 12, 1986 someone on behalf of defendant other than an attorney filed in court a copy of defendant's requests to admit which also contained thereon typed responses. Some of the responses were conflicting with answers to interrogatories filed by defendant in the associate circuit court. The responses were not signed as required by Rule 59.01(a). At that time according to the record in the circuit court defendant was not represented by counsel.

On June 12, 1986 the court set the matter for trial on September 9, 1986. On August 21, 1986 defendant's fourth attorney entered his appearance and filed a motion to continue the case. On the same day plaintiff filed a motion for summary judgment and an affidavit in support of the motion. On August 25, 1986 defendant's new counsel signed and refiled defendant's answer to plaintiff's request to admit. The hearing on the motion for summary judgment took place on September 9, 1986.

At the hearing on plaintiff's motion for summary judgment defendant relied upon new Rule 55.03 to justify the refiling on August 25, 1986 of defendant's answers to plaintiff's requests. We note that Rule 55.03 became effective on July 1, 1986. This was after the due date of defendant's response to plaintiff's request for admissions (May 12, 1986), but before the hearing resulting in judgment. The new rule requires pleadings, motions and other papers of *a party represented by an attorney* to be signed and provides that if any pleading, motion or other paper is not signed it shall be stricken unless signed promptly after omission is called to the attention of the pleader or movant. We

find this rule insignificant to the present appeal because defendant was ordered on May 1, 1986, to file its response by May 12, 1986. It was not represented by counsel at the time of the order or the due date. There was no timely and proper response to the requests to admit by May 12, 1986 as ordered by the court. Thereafter, defendants only relief from conclusive admissions was available under Rule 59.01(b).

Defendant's first claim of error is that the trial court misinterpreted Rule 55.03. It claims that that rule is patterned after Federal Rule 11. The purpose of both rules is to insure that pleadings are not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. We find this rule of no help to defendant because the issue is not one of failure to sign a pleading, motion or other paper while represented by counsel. On the present facts the difficulty lies in the failure of defendant to comply with an order of the Circuit Court entered on May 1, 1986 to file its response to plaintiff's request to admit by May 12, 1986. At the time the answer or response was due defendant was not represented by counsel. For that reason Rule 55.03 is inapplicable. In addition, however, at the time the order was entered on May 1, 1986 defendant was in default under Rule 59.01(a) and the order of the court which was authorized by Rule 61.01(c) extended the time for response.

Any matter admitted under Rule 59.01 is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Rule 59.01(b). We determine as a matter of fact that Rule 55.03 was inapplicable and therefore the trial court did not err in failing to apply the Rule.

■ Defendant also claims that the court misinterpreted Rule 59.01(b) which authorizes a court to permit withdrawal or amendment to admissions. This rule is similar to Federal 36(b). The Federal Rule has been interpreted to suggest acceptance of late filed answers unless the requesting party can show prejudice in maintaining its evidentiary position. *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309 (C.A. 8th, 1983). Although we accept this interpretation the argument fails on the facts. Here there was a long history of dilatory tactics by defendant which the trial court noted in its judgment and the failure of defendant was not in merely failing to timely file under Rule 59.01(a), but by failure to comply with a specific court order setting a time limit and describing the consequences.

Finally, defendant claims the trial court erred in interpreting Rule 74.04. This claim of error is not clearly set forth in the assignment. However, we believe the argument to be that plaintiff's affidavit in support of the motion for summary judgment, signed by plaintiff's counsel, does not comply with the requirements of Rule 74.04(e) which requires personal knowledge and that the affiant is competent to testify on the matters stated therein. For that reason, defendant argues the affidavit is insufficient to resolve all fact disputes. We find no error on this assignment because the summary judgment is wholly supported by the matters conclusively admitted by defendant without regard to the affidavit attached to and associated with the motion for summary judgment. Even if the affidavit is defective, a matter we need not decide, the judgment of the trial court was supported by an admission of facts which eliminated any dispute of any material issue of fact.

■ We have determined and ruled the claims of error presented by defendant. However, we find the form of the judgment defective and remand for entry of a proper judgment. The original proceeding was filed in the associate circuit court whose jurisdictional limit at the time of filing of the petition was $5,000. The present judgment was entered in favor of plaintiff and against defendant "in the principal sum of $7,436.41, plus interest thereon from November 5, 1985 [the date of the associate circuit court judgment] at the rate of one and one-half percent per month in the amount of $1,211.12, plus costs of this action. Judgment to bear interest at one and one-half percent." Al-

though this computation and entry may equate to a proper judgment it is technically not correct. The judgment should be entered for the amount of the prayer in the petition with interest at the rate of one and one-half percent from the date the obligation was in default and a like amount on the judgment together with costs.

DOWD, P.J., and SIMEONE, J., concur.