**Rayford J. LEE, Appellant,**

v.

**Noble P. OFIELD, Respondent.**

**No. WD 45649.**

Missouri Court of Appeals,
Western District.

Sept. 8, 1992.

George Alvin Wheeler, Kansas City, for appellant.

Noble P. Ofield, respondent pro se.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

PER CURIAM.

Rayford J. Lee filed a petition for damages following an automobile collision, and the trial court entered a judgment in favor of the defendant, Noble P. Ofield. On appeal, Lee contends that the trial court erred by denying his motion to dismiss his own petition, and by denying his motion for sanctions after Ofield failed to respond to his request for admissions.

Reversed and remanded.

Rayford J. Lee filed a petition for damages, alleging that Ofield negligently operated an automobile which struck Lee's parked car. On the day of trial, Lee asked the trial court to assess sanctions against Ofield for failing to answer Lee's request for admissions. Lee's request for sanctions was denied by the trial court, and Lee then asked for a continuance. The trial court refused to grant a continuance and entered judgment in favor of Ofield.

On appeal, Lee claims that the trial court erred by denying his motion to dismiss his own petition before the introduction of evidence at trial. However, there is no evidence in the record before us that Lee made either an oral or written motion to dismiss. The responsibility to provide a meaningful transcript for review devolves upon the appellant, and the court of ap-

peals cannot consider matters not preserved on the record and contained in an approved transcript. *Volvo Finance North America v. Raja*, 754 S.W.2d 955, 957 (Mo.App.1988).

Lee also claims that the trial court erred by denying his motion for sanctions. However, such a motion was inappropriate under the circumstances in the case at bar. When a party fails to respond to a request for admissions, that party is deemed to have admitted the matters set forth, and no further sanction is necessary or available to the party propounding the request for admissions. Instead, such admissions can be used in a motion for summary judgment, *Manpower, Inc. v. Area Development Corp.*, 440 S.W.2d 515 (Mo. App.1969), or in a motion to dismiss, *Williams v. School District of Springfield R-12*, 447 S.W.2d 256, 267–68 (Mo.1969), or as evidence in the ensuing trial, *Metropolitan St. Louis Sewer District v. Zykan*, 495 S.W.2d 643, 656 (Mo.1973), and they must be considered by the court in deciding a motion for a directed verdict, *Kraehe v. Dorsey*, 432 S.W.2d 367, 370 (Mo.App.1968). To avoid these consequences, a party who has failed to respond to requests for admissions can request leave to file a belated response, and the trial court may properly allow the late filing of answers to requests for admissions where there is no showing of bad faith or prejudice. *Holt v. Best*, 750 S.W.2d 705, 707 (Mo.App.1988). However, none of these procedural steps have been taken in the case at bar. Instead, Lee propounded a motion for sanctions, which was inapposite.

Lee also argues that the trial court erred when it entered a judgment in favor of Ofield. Lee claims that the judgment was unsupported by substantial evidence. We agree, and we reverse and remand the case to the trial court.

The judgment of the trial court in a court-tried case will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Wojtkowski v. Shelter Insurance Companies*, 702 S.W.2d 74, 76 (Mo. banc 1985). The sufficiency of the evidence to support a verdict in a court-tried case may be raised on appeal, whether or not the question was raised in the trial court. *Villaume v. Villaume*, 564 S.W.2d 290, 298 (Mo.App.1978).

On the day of trial, Lee requested a continuance after the trial court refused his motion for sanctions. Lee's request for a continuance was denied by the trial court, and the following proceedings ensued:

THE COURT: I'm going to find the issues in favor of the defendant. He's going to appeal this now. So—Didn't you have insurance on your car?

MR. OFIELD: No, that's why my car was parked in my yard, and I was—

THE COURT: All right. Don't tell me about it. I don't care anything about this lawsuit. But if you had insurance or—You weren't even driving that car?

MR. OFIELD: No, I wasn't driving.

THE COURT: Okay. Okay. Good enough. Anyway, I'm going to find the issues in your favor because he's not prepared to go forward today.

The trial court then recorded a docket entry which read: "Parties present. Evidence heard. Issues for defendant." However, as the quoted portion of the transcript indicates, the trial court entered a verdict for Ofield without receiving any evidence or sworn testimony at trial. Consequently, there was no substantial evidence to support the trial court's judgment.

Accordingly, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

All concur.