## DANA COMMERCIAL CREDIT CORPORATION, Plaintiff–Respondent,

v.

## Jacob CUKJATI, Jr., and Advance Rental Centers, Inc., Defendants–Appellants.

### No. 19184.

Missouri Court of Appeals,
Southern District,
Division Two.

July 19, 1994.

Thomas L. Williams, Roberts, Fleischaker, Williams & Powell, Joplin, for defendants-appellants.

Chris L. Weber, Checkett & Pauly, P.C., Carthage, for plaintiff-respondent.

GARRISON, Judge.

This is an appeal from a summary judgment in favor of Plaintiff. Plaintiff's suit against Defendants Jacob Cukjati, Jr. (Jacob) and Advance Rental Centers, Inc. (the corporation) was in two counts. Count I contained a claim against both Defendants for $14,938.71 plus interest and attorney's fees based on a lease of equipment (Lease No. 1) entered into by the corporation and guaranteed by Jacob. In Count II Plaintiff sought a judgment against only the corporation based upon another lease of equipment (Lease No. 2) in the amount of $7,224.27 plus interest and attorney's fees. Defendants' answer denied most of the allegations contained in the petition.

On August 2, 1993, four months after the answer was filed, Plaintiff served a Request For Admissions containing factual statements which, if admitted, would effectively establish the liability of both Jacob and the corporation under both of the leases in the amounts prayed for in the petition. Neither of the Defendants responded to the Request For Admissions within the twenty days allowed under Rule 59.01.[1] Accordingly, on September 2, 1993, Plaintiff filed a Motion For Summary Judgment based upon the pleadings, affidavits and the Request For Admissions. One of the affidavits filed by Plaintiff in support of the motion was that of its senior account representative which recited that it was based upon personal knowledge and stated facts which would support a finding of liability of both Defendants under each of the leases in the same amounts pleaded in the petition and contained in the requests for admissions.[2] Also filed was the affidavit of Plaintiff's attorney attesting that

he had mailed the Request For Admissions to counsel for Defendants and that no response had been received.

On October 7, 1993, the day before the scheduled hearing on the Motion For Summary Judgment, Jacob filed a document entitled "Affidavit And Response To Request For Admissions" in which he purported to respond to Plaintiff's Request For Admissions. The response, however, was filed without obtaining leave of court to withdraw or amend the admissions made as a result of the failure to respond to the request within the time provided in Rule 59.01. At the same time, he also filed an "Affidavit And Response To Motion For Summary Judgment." Both the Response to the Motion For Summary Judgment and the purported Response to the Request For Admissions were filed by Jacob individually, with no indication they were also in behalf of the corporation. The following day, the trial court sustained the Motion For Summary Judgment and entered judgment against both Defendants under each count of the petition. Defendants appeal the entry of that judgment.

In their sole point on this appeal, Defendants contend that the trial court abused its discretion in granting the summary judgment because genuine issues of material fact were raised by the responses to the Request For Admissions and to the Motion For Summary Judgment. They do not contest the sufficiency of Plaintiff's showing pursuant to its Motion For Summary Judgment.

█ In an appeal from a summary judgment, we review the record in the light most favorable to the party against whom it was entered, according that party the benefit of all reasonable inferences. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). The issue is one of law and our review is essentially *de novo* by

---

[1]. Rule references are to Missouri Rules of Civil Procedure (1993) unless otherwise indicated. Rule 59.01 was amended effective January 1, 1994, to, among other things, enlarge the time for response to thirty days. The pertinent facts of this case occurred before that rule change took effect.

[2]. Similar affidavits have been held to be sufficient for summary judgment purposes under Rule 74.04. *See American Bank of Princeton v. Stiles,* 731 S.W.2d 332, 340–342 (Mo.App.W.D. 1987).

which we test the propriety of the summary judgment by the same standards as those which should be employed by the trial court. *Id.*

To be entitled to a summary judgment, Plaintiff was required to establish that it had a right to a judgment as a matter of law by showing, in the manner provided in Rule 74.04, that there was no genuine dispute as to those material facts upon which it would have the burden of persuasion at trial. *Id.* at 381. Matters admitted pursuant to a request for admissions under Rule 59.01 may be used to make that showing. Rule 74.-04(c); *Lee v. Ofield,* 847 S.W.2d 99, 101 (Mo. App.W.D.1992); *Crawford v. Boatmen's Bank of West County,* 637 S.W.2d 196, 198 (Mo.App.E.D.1982).

The procedure concerning requests for admissions of fact is contained in Rule 59.01. Under that rule, failure to file a timely response to a request for admissions constitutes an admission of the matters contained in the request. *Lee v. Ofield,* 847 S.W.2d at 101; *Killian Const. Co. v. Tri–City Const. Co.,* 693 S.W.2d 819, 827 (Mo.App. W.D.1985). The matters thus admitted are "conclusively established" and bind the party to whom the requests were addressed. *Killian Const. Co. v. Tri–City Const. Co.,* 693 S.W.2d at 827. This compares with an admission contained in a pleading and eliminates the need for further proof of the matters admitted. *Id.*

In the instant case, therefore, each of the Defendants "conclusively" admitted the matters contained in the requests by failing to file a timely response. Summarized, these admissions included execution of the leases and guaranties, receipt of the leased equipment, and the existence of the outstanding balances under the leases in the same amounts alleged in the petition. This result was not avoided by the filing of responses to the requests for admissions out of time without obtaining leave of court to amend or withdraw the admissions previously made.

Rule 59.01(b) provided, in pertinent part:

Any matter admitted under this Rule is conclusively established unless the court

on motion permits withdrawal or amendment of the admission.... [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

Defendants correctly argue that Rule 59.01 is not an absolute rule in that the trial court retains discretion to permit withdrawal or amendment of admissions. The rule specifically refers to, and obviously contemplates, the filing of a motion to authorize the late filing of responses to requests for admissions in order to effectuate an amendment or withdrawal of admissions previously made under the rule. Rule 59.01(b). *See also Lee v. Ofield,* 847 S.W.2d at 101; *U.S. Clip Corp. v. McThal, Inc.,* 729 S.W.2d 658, 660 (Mo.App. S.D.1987); *Commerce Bank of Fenton v. B.P.J. Enterprises,* 659 S.W.2d 615, 618 (Mo. App.E.D.1983). The trial court has discretion in determining whether late responses to requests for admissions should be permitted. *State ex rel. A.N.W. v. D.T.F.,* 788 S.W.2d 805, 805–806 (Mo.App.E.D.1990); *American Bank of Princeton v. Stiles,* 731 S.W.2d at 342; *Crawford v. Boatman's Bank of West County,* 637 S.W.2d at 197–198; *Coates v. U.S. Fidelity & Guaranty Co.,* 525 S.W.2d 654, 655 (Mo.App.E.D.1975). A late response to a request for admissions made without leave of court, however, is ineffective. *Rockwell International, Inc. v. Westport Office Equipment,* 606 S.W.2d 477, 478–479 (Mo. App.W.D.1980). *See also U.S. Clip Corp. v. McThal, Inc.,* 729 S.W.2d at 659–660.

Although Defendants failed to seek leave of court to do so in the instant case, they contend that the trial court nevertheless abused its discretion by failing to consider affidavits executed by Jacob as the equivalent of motions to withdraw or amend the previous admissions. These affidavits included Jacob's "Affidavit And Response To Request For Admissions." This "affidavit" was merely a sworn response to the earlier request for admissions and, as indicated earlier, was ineffective because it was filed after the time for response to those requests had

lapsed and without leave of court to file it as an amendment or withdrawal of the admissions already made. Additionally, it did not purport to be in behalf of the corporation.

The other "affidavit" which Defendants contend should have been construed by the trial court as a motion to withdraw or amend the admissions was Jacob's "Affidavit And Response To Motion For Summary Judgment." That document, also filed in behalf of Jacob individually, was verified but contained only admissions or denials of the individual allegations contained in the motion for summary judgment, together with the following statements:

> For further answer, the Defendant states that, pursuant to Rule 74.04, Missouri Rules of Civil Procedure, an issue of law and fact exists with regard to the validity of the signature on the lease and there is a genuine issue for trial.

> For further answer, the Defendant states that, pursuant to Rule 74.04, Missouri Rules of Civil Procedure, this affidavit is not presented in bad faith or for the purpose of delay, but, rather, for the reason that the affiant genuinely believes the signature to be forged.

There is nothing in the record to indicate that either Defendant requested the trial court to consider the response to the motion for summary judgment as a response to the request for admissions. The trial court should not be convicted of error because of its lack of clairvoyance in discerning the intent of the parties or the existence of a request which was not presented to it.

An analogous situation occurred in *Commerce Bank of Fenton v. B.P.J. Enterprises, Inc.*, 659 S.W.2d 615. In that case, a summary judgment was entered in a suit based on a promissory note and guaranty agreements. The plaintiff filed a request for admissions directed to all the defendants but no responses were filed. The following month, plaintiff filed a motion for summary judgment, the hearing of which was delayed to permit defendants to file a verified amended answer. In sustaining the motion for summary judgment, the trial court relied, in part, upon the unanswered request for admissions. The defendants contended on appeal that their verified answer was "in substance a response to the request for admissions of fact." The court rejected that argument, noting in part that the record contained no request for leave to file late answers to the request for admissions. The same reasoning applies in the instant case to reject Defendants' argument that the response to the motion for summary judgment should have been construed as a response to the request for admissions. See also *N.R. v. A.D.*, 655 S.W.2d 733, 735–736 (Mo.App.E.D.1983), where the court rejected the argument that deposition responses should be considered as substitutes for responses to requests for admissions, noting that the two procedures serve separate functions.

An abuse of discretion occurs when a court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Connelly v. Schafer*, 837 S.W.2d 344, 350 (Mo.App.W.D.1992). We are unable to conclude that the trial court, in the instant case, abused its discretion in not considering either of Jacob's responses as the equivalent of motions to withdraw or amend the previous admissions.

Defendants also argue that the summary judgment was inappropriate because the verified response to the request for admissions as well as the response to the motion for summary judgment were sufficient themselves to create genuine issues of fact. As indicated earlier, these responses were filed only by Jacob. In addition, the response to the request for admissions merely purported to admit or deny various portions of those requests and, in any event, was ineffective, and the matters contained in the request were conclusively established for the reasons stated earlier. As indicated in *Commerce Bank of Fenton v. B.P.J. Enterprises, Inc.*, 659 S.W.2d at 618, unanswered requests for admissions which dispose of all issues raised by the pleadings make summary judgment proper.

Additionally, the "Affidavit And Response To Motion For Summary Judg-

ment," although signed and verified by Jacob, contained admissions and denials of the various paragraphs of the motion for summary judgment. At the times pertinent to this case, Rule 74.04(e) provided that when a motion for summary judgment was made and supported as provided in that rule, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth *specific facts* showing that there is a genuine issue for trial." (Emphasis added.)[3] The rule, therefore, contemplated that, in response to a properly supported motion for summary judgment, the responding party must set forth "specific facts" showing that there is a genuine issue for trial. *See Martin v. City of Washington*, 848 S.W.2d 487, 492 (Mo. banc 1993). The response to the specific paragraphs of the motion for summary judgment in the instant case did not comply with that requirement. In addition, that portion of Jacob's response to the motion for summary judgment containing the general statements that "an issue of law and fact exists with regard to the validity of the signature on the lease" and "the affiant genuinely believes the signature to be forged" was also insufficient to avoid a summary judgment. The specific signature referred to is not identified but we infer from the record that it refers to Jacob's signatures on Lease No. 2. The first of those statements was conclusory in nature and devoid of reference to specific facts in the record showing there was such an issue. Conclusory allegations in an affidavit are not sufficient to raise a question of fact in summary judgment proceedings. *Missouri Insurance Guaranty Assoc. v. Wal–Mart Stores, Inc.*, 811 S.W.2d 28, 34 (Mo.App.E.D. 1991). Additionally, by reason of the failure to effectively respond to the request for admissions, it was conclusively established that Jacob signed each of the leases.[4] The response to the motion for summary judgment

was not, therefore, sufficient to raise a genuine issue of material fact in order to avoid the summary judgment.

Another aspect of this case, however, requires our review *sua sponte*. In the petition, Plaintiff pleaded a cause of action against both Jacob and the corporation on Lease No. 1. In Count II, however, Plaintiff stated a cause of action and prayed for relief only against the corporation on Lease No. 2. Notwithstanding that fact, the summary judgment entered by the trial court on Count II of the petition was against both Jacob and the corporation. No issue is raised on this appeal concerning the propriety of rendering summary judgment against Jacob individually under Count II by which relief was sought only against the corporation. Nevertheless, Rule 84.13(c) provides that "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." We hold that it was plain error to enter judgment against Jacob on Count II under these circumstances. A similar result was reached in *Meredith Development Co. v. Bennett*, 444 S.W.2d 519, 524 (Mo.App.E.D.1969), where the trial court entered a judgment against both a corporation and an individual even though the pleading sought *no relief against the corporation.*

That portion of the summary judgment entered on Count I of the petition is affirmed; the summary judgment on Count II against the corporation is affirmed; and the summary judgment against Jacob on Count II is reversed.

PREWITT and CROW, JJ., concur.

---

3. Effective January 1, 1994, Rule 74.04 was amended to require a motion for summary judgment to state with particularity in separately numbered paragraphs each material fact as to which there is alleged to be no genuine issue with specific references to pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts. It also authorized a response by admission or denial of each of the factual statements, together with a statement of

the reasons for each denial, and a statement of any additional material facts that remain in dispute with specific references where any such fact appears in the pleadings, discovery or affidavits.

4. Jacob, in his attempted response to the request for admissions, admitted that he signed Lease No. 1.